## OLIVER NIGHTENGALE v. THE STATE.

### No. 3263.   Decided May 2, 1906.

**1.—Burglary—Recent Possession Unexplained.**

Upon a trial for burglary where the evidence showed that a drug store was burglarized and shortly afterwards defendant and his companion sought to dispose of some cigars and tobacco identified as goods taken from the store, and defendant did not explain his possession, the evidence was sufficient to support the conviction.

**2.—Same—Principals—Charge of Court.**

Where upon trial for burglary the evidence showed that a drug store was burglarized and that shortly afterwards defendant and a companion sought to dispose of property identified as that stolen from the drug store, and the parties offered no explanation as to their possession, there was no error of the court in submitting the law of principals.

Appeal from the District Court of Bexar.   Tried below before Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary. The salient features of the testimony are that a drug store was burglarized, and shortly afterwards appellant and a companion sought to dispose of some cigars and tobacco, identified as goods taken from the store.   Appellant sent a negro woman to a party with the view of bringing about a sale.   An appointment was made and appellant and his companion appeared with the goods.   The officers and the alleged owner were concealed nearby.   The parties were taken in possession of the goods.   It is contended that this evidence is not sufficient; and further that it did not authorize the charge of the court on the law of principals.   We are of opinion that both contentions are incorrect.   Where a house has been burglarized, and subsequently a party is found in possession of the goods taken at the time of the burglary, the unexplained possession of the stolen goods is sufficient to connect the party with the taking.   There is no positive evidence as to who broke the house.   The possession of the goods by appellant and his companion is relied upon by the State to show them to be the burglars.   The fact that they were acting together in the disposition of the goods in which they were found in possession, in our opinion justified the court in submitting the law of principals.   The parties offered no explanation of their possession, nor did appellant

introduce any evidence but stood upon the State's case. Finding no error authorizing a reversal, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.