## TOM ROBERTS v. THE STATE.

### No. 546. Decided May 25, 1910.

### Rehearing denied June 22, 1910.

**1.—Burglary—Charge of Court—Recent Possession.**

Where, upon trial for burglary, the charge of the court upon the issue of possession of property recently stolen was in accord with precedent, there was no error; although the better practice would be to charge the jury that if they believed the statement of defendant's explanation of his innocent possession to be true or have a reasonably doubt thereof, to acquit him.

**2.—Same—Charge of Court—Circumstantial Evidence—Charge as a Whole.**

Where, upon trial of burglary, the court in charging upon circumstantial evidence instructed the jury that a conviction might be had upon circumstantial evidence as well as upon direct proof, and then properly submitted the law on circumstantial evidence, there was no reversible error, although the opening charge was unnecessary.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence supported the conviction, the same will not be disturbed.

**4.—Same—Possession—Explanation.**

While it devolved upon the State to show that defendant's explanation of his possession of recently stolen property is false, yet if there is evidence of sufficient weight and importance to authorize the jury to believe the defendant's statement to be untrue, the State will be entitled to a verdict.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hardy & Roberts* and *E. T. Branch,* for appellant.—On the question of the court's charge on circumstantial evidence: McClesky v. State, 13 S. W. Rep., 997; Harrison v. State, 9 Texas Crim. App., 407; Davis v. State, 54 S. W. Rep., 583; Alonzo v. State, 15 Texas Crim. App., 378.

Upon question of the court's charge on recent possession: Burrell v. State, 50 Texas Crim. Rep., 386; Woods v. State, 24 S. W. Rep., 99; Banks v. State, 56 Texas Crim. Rep., 262; Cagle v. State, 52 Texas Crim. Rep., 307; Gilford v. State, 48 Texas Crim. Rep., 313.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

There are two questions raised by the motion for new trial to be considered in connection with the charge of the court.

1. The court gave a charge in regard to the possession of property that had recently theretofore been stolen. The possession of this property was relied upon by the State to connect appellant with the burglary. The charge is in strict accord with that prescribed by the court in Wheeler v. State, 34 Texas Crim. Rep., 350. The charge as there written out and held to be a sufficient charge in regard to this question, has been frequently approved and followed, and in the light of the fact that the charge has been approved and followed so often, we will hold that the objection to the charge urged by appellant, that it is on the weight of evidence, is not well taken. The writer is of opinion that much the better practice would be to charge the jury, where a party is found in possession of property and gives an account of it, which shows or tends to show that his possession is innocent, that if the jury believe the statement to be true or have a reasonable doubt of the truth of the explanation, they

should acquit. There is no possibility of cavil or criticism that the writer can see in giving such charge, and it could not mislead the jury. If the explanation of the accused is that he bought the property, or there was a reasonable doubt as to that fact, he is entitled to an acquittal. This character of charge would not lead to confusion in the minds of the jury, and would be free from any criticism that it was upon the weight of the testimony. This court has in opinions heretofore suggested to the trial courts that this method of charging the jury be followed. Both charges have been upheld, but the latter mentioned is considered the better and less liable to mislead.

2. The court gave a charge on circumstantial evidence, in which this expression occurs: "A conviction may be had upon circumstantial evidence as well as upon direct proof." This excerpt is criticised as being upon the weight of evidence. The charge as a whole reads as follows: "A conviction may be had upon circumstantial evidence as well as upon direct proof; but in order to warrant a conviction upon circumstantial evidence each fact necessary to establish the defendant's guilt must be proved by the evidence to the satisfaction of the jury beyond a reasonable doubt; all such facts must be considered with each other and with the defendant's guilt, and all the circumstances taken together must be of a conclusive nature leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the defendant committed the offense charged, and must exclude every other reasonable hypothesis except that of the defendant's guilt."

We are of opinion that the error, if any, is not of sufficient importance to require a reversal of the judgment. In White v. State, 19 Texas Crim. App., 343, the charge on circumstantial evidence was criticised upon the ground that it was on the weight of evidence. The particular portion of the charge therein criticised was as follows: "I charge you that circumstantial evidence is or may be as convincing in establishing guilt as direct or positive testimony." It was stated that similar instructions had theretofore been held upon the weight of evidence and condemned in previous opinions. While in that case it was condemned, at the same time the court said the remaining portion of the paragraph in which the error occurs, fully corrected it, and the entire paragraph taken as a whole did not have the remotest tendency to mislead. We think the statement in the White opinion is applicable here. Even if it be conceded that the statement in this charge is a charge on the weight of evidence, it will be noted here the only criticised expression of the court was that "a conviction could be had upon circumstantial evidence as well as upon direct proof." This is the statement of a correct legal principle. While it is better not to have been so stated, yet it is not of sufficient importance, we think, to require a reversal of the judgment, especially when in direct connection and immediately

following the court instructed the jury that those circumstances must be of such a conclusive nature as to exclude every conclusion except the guilt of defendant. The same doctrine was laid down in Hamlin v. State, 39 Texas Crim. Rep., 579, in rather an elaborate opinion written by Judge Henderson.

3. The remaining question is the sufficiency of the evidence. After a careful review of the statement of facts we are of opinion that the jury were justified in finding appellant guilty. While appellant gave an explanation of his possession when first arrested and caught in possession of some of the stolen property which, if true, showed his innocent connection with the matter, yet the facts and circumstances were of sufficient cogency to authorize the jury to find his statement was not true. Appellant's statement was that he bought a coat from a boy at a watermelon car, and there were several present at the time. He took the stand in his own behalf, and testified that he was at the watermelon car, where there were several parties gambling, and that one of the parties lost, and that he, appellant, let him have a dollar to play in the game, and took the coat for the dollar. That he did not know any of the parties except one, whom he named. There was no effort to bring any of the parties who were at the watermelon car to court to testify. We are of opinion that the evidence is sufficient to show that the jury were authorized and justified in finding his account of his possession and his statement in regard to the matter as being unreasonable, and that his possession of the coat was not innocent. A burglarious entry being shown, possession of the property taken from the house recently after the burglary is sufficient to connect the party in possession with the burglary, and unless explained a jury would be justified in finding the accused guilty of burglary.

As the record is presented, we are of opinion there is no such error as would authorize a reversal, and the judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

June 22, 1910.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was affirmed. Appellant has filed a strong motion for rehearing, ably presented, that the affirmance is erroneous.

1. Contention is made as appellant gave an account of his possession of property that had been recently theretofore stolen from the burglarized house, it devolved upon the State to show this statement false, otherwise he should be found not guilty. This proposition is very sound, and has been sustained by this court in quite a number of decisions. See Pharr v. State, 7 Texas Crim. App., 472. The Pharr case has been followed in quite a number of well considered opinions, and we think unquestionably and correctly states

the law. If the State, however, overcome this explanation of the accused, or there is evidence in the record of sufficient weight and importance to authorize the jury to believe the statement untrue, then the State would be entitled to a verdict. While the writer might have found a different verdict, or taken a different view of the testimony than that taken by the jury, yet we are of opinion there is evidence in the record which justifies the jury in disregarding appellant's statement of his purchase of the alleged stolen goods. It is difficult for this court to pass upon the weight and sufficiency of testimony, and we would not undertake to do so where there is a conflict or sufficient evidence to overcome the reasonable doubt and presumption of innocence. The jury are the judges of the weight of testimony and credibility of witnesses, and it is almost an impossibility to place on paper the testimony of a witness so as to convey upon the Appellate Court the environments of the witness. It may be fair to read, and yet when delivered before a jury it may convince them of the fact that the witness is or is not telling the truth or that he is truthful. We would not, therefore, feel justified, under the circumstances, in setting aside this verdict for the reason that the jury were in error in convicting appellant.

2. It is strongly urged, and with great cogency and ability, that the charge in regard to the explanation given by appellant of his possession of the goods at the time he was found in possession, is erroneous. The charge follows the form prescribed by this court in Wheeler v. State, 34 Texas Crim. Rep., 350. This form of charge has been sustained by this court in so many cases that we do not feel authorized in overruling them. The writer has questioned the correctness of that form, and has thought, and still thinks, it is upon the weight of testimony, but it has been so long followed and upheld that I do not feel authorized now to ask it be set aside or overruled. In quite a number of cases the writer has suggested that it is a safer and much sounder rule to charge the jury in accordance with the statements made by the accused. For instance, if the accused's statement is that he bought the property from a named person or traded for it, to simply instruct the jury that if the accused bought the property as he stated or traded for it, and they should so find, they should acquit, or if they had a reasonable doubt thereof they should acquit. This is a much simpler charge and would have no confusing elements in it, and would be free from any criticism as being upon the weight of evidence.

As the motion for rehearing presents the matter, we are of opinion that it should be overruled, and it is accordingly so ordered.

*Overruled.*