### IRA SANDERS v. THE STATE.

#### No. 1105.   Decided October 11, 1911.

**1.—Murder—Motion for New Trial—Bill of Exceptions.**

Where, upon appeal from a conviction for manslaughter, it appeared from the qualification of appellant's bill of exceptions that the testimony objected to in the lower court was brought out by the defendant, and there was no showing in said bill pointing out the objections to the testimony, and the same was not approved by the judge, there was no error; besides, the motion for a new trial was too general.

**2.—Same—Sufficiency of Evidence.**

Where, upon trial of murder, the defendant was convicted of manslaughter, which was supported by the evidence, although conflicting, there was no reversible error.

Appeal from the District Court of Brazos.   Tried below before the Hon. J. C. Scott.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for murder in the second degree for killing Jeff Rogers, the deceased. He was found guilty of manslaughter, and given two years confinement in the penitentiary.

The appellant made a motion for a new trial on one ground only, which is as follows: "Now comes the defendant, Ira Sanders, and moves the court to set aside the verdict and judgment herein rendered against him on the 3rd day of October, 1910, and grant him a new trial for the following cause, to wit: Because the said verdict is contrary

to the law and evidence in this: That the evidence and all, the evidence was as follows, to wit:" Then follows a literal copy of all the testimony introduced on the trial of the cause. At the conclusion of this copy appellant's attorneys' names are signed.

There was no other ground set up for a new trial. However, there is one bill of exceptions in the record and only one. This bill is as follows: "The witness, Louis Williams, being on the stand, was permitted, over the objection of the defendant, to testify to the following facts, to wit: 'Deceased said he did not make towards Ira when Ira shot him. He told me Ira did not make towards him when he shot him. He said he was not making towards Ira when he shot him. That was when he was on his afflicted bed, way afterwards,' and the defendant at the time it was uttered objected to said testimony and that witness be not permitted to testify to same, and that same be withdrawn from the jury, and that they be instructed not to consider same for the reason following, to wit: That said testimony was hearsay and shows that the witness was not testifying from his personal knowledge of the facts, but only from information derived from others, and that the same was not res gestae and was not admissible under any rule of law; that the same was prejudicial and calculated to injure the rights of the defendant." The court overruled these objections, and qualified the bill by stating, "The answer of the witness excepted to was elicited and given in answer to questions propounded by defendant's attorney."

This bill as it appears with the qualification as made clearly shows that the court did not commit error. Besides, it is insufficient and we could decline to pass on it at all, as it does not show any such state of facts from which we could tell whether there was error or not. Following this bill in the record appears to be a certificate by the court stenographer purporting to give the testimony in full by questions and answers of this witness. It is nowhere and in no way made a part of the bill, and is not approved or passed upon by the judge.

The appellant in motion for a new trial, as shown above, gives no reasons why it should be granted, and we could also decline to pass on this motion because it is too general. However, we have carefully gone over and studied the testimony in this case more than once, and we are thoroughly satisfied that the testimony amply supports the verdict. It is true that the testimony would also probably have justified the jury in acquitting the appellant, but as the jury, under the law, is made the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony, this court in such a case can not for itself under such circumstances set aside the verdict of the jury. It is only when the testimony, considered in its most favorable light for the State, would not justify the verdict.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.