## Ex Parte Jesse Jackson.

No. 4918.    Decided February 13, 1918.

1.—Theft of Automobile—Misdemeanor—Felony—Habeas Corpus.

The Act of April 2, 1913, having been amended, now making the theft of an automobile of or over the value of $50 a felony, the contention of appellant that it is a misdemeanor is untenable.  Besides, if he had been guilty only of a misdemeanor theft his remedy would have been by appeal and not by habeas corpus proceeding.  Following Ex parte Jones, recently decided.

2.—Same—Caption—Constitutional Law.

The Act of 1915 and the caption thereof meets the requirements of section 36, article 3, of the Constitution, and is valid.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Hon. George E. Hosey.

Appeal from the conviction of the theft of an automobile on habeas corpus proceeding asking release from custody.

The opinion states the case.

*Lopp & Roberson,* for relator.—On question of title of act:   Sparks v. State, 77 Texas Crim. Rep., 154, 174 S. W. Rep., 351; Howard v. State, 76 Texas Crim. Rep., 347, 174 S. W. Rep., 824; Greenwood v. State, 76 Texas Crim. Rep., 364, 174 S. W. Rep., 1049.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—Appellant was indicted for the theft of an automobile of the value of $2700, which was alleged to have occurred December 1, 1917.  He was convicted in one of the District Courts of Tarrant County on January 21, 1918, on his plea of guilty and his punishment assessed at four years in the penitentiary.

On January 26th before the judge of the same court in which he was convicted, he sued out a writ of habeas corpus, as we understand, under two theories.  First, that the theft of an automobile whatever the value was merely a misdemeanor under section 1 of the Act of April 2, 1913, page 187, which section was, when enacted, as follows: "Whoever shall steal or purposely takes, drives or operates, or purposely causes to be taken, driven or operated upon the public road, highway, or other public place, any motor vehicle, bicycle, buggy, carriage or other horse driven vehicle, without the consent of the owner thereof, shall, if the value of such motor vehicle, bicycle, or other vehicle is thirty-five ($35) dollars or more, be imprisoned in the county jail for not less than six months nor more than one year, or if the value is less than that sum, be fined not more than two hundred ($200) dollars or imprisoned not more than thirty days, or both," and that the Act of March 22, 1915, page 160, was unconstitutional and did not change

said Act of 1913 so as to make the theft of an automobile other than a misdemeanor. Omitting section 2 of that Act, which was merely an emergency section attempting to put the Act in immediate effect, that Act of the Legislature is as follows:

"S. B. No. 332, chapter 105. An Act to amend section 1 of chapter 100 of the Acts of the Regular Session of the Thirty-third Legislature so as to leave out the words 'shall steal or' in said section 1, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That section 1 of chapter 100 of the Acts of the Regular Session, Thirty-third Legislature, be, and the same is, hereby amended so that same shall hereafter read as follows:

" 'Section 1. Whoever purposely takes, drives or operates, or purposely caused to be taken, driven or operated upon the public road, highway or other public place, any motor vehicle, bicycle, buggy, carriage or other horse driven vehicle, without the consent of the owner thereof shall, if the value of such motor vehicle, bicycle or other vehicle is thirty-five ($35) dollars or more, be imprisoned in the county jail for not less than six months nor more than one year, or if the value is less than that sum, be fined not more than two hundred ($200) dollars, or imprisoned not more than thirty days, or both.' "

And second, as he was tried in the District Court which had jurisdiction under the law to try both felony and misdemeanor causes and was convicted of felony, when under the law he could have been convicted for only a misdemeanor, jeopardy attached, and he was, therefore, entitled on habeas corpus to his discharge.

Neither of his contentions can be sustained. If he had been convicted of a felony theft and had been guilty only of a misdemeanor theft his remedy would have been by appeal and not by a habeas corpus proceeding. See the case of Ex parte Jones from El Paso decided by this court on the 6th instant, wherein it was held, and the authorities cited and discussed, that former jeopardy could not be heard and decided on a habeas corpus proceeding.

However, his conviction for felony theft under the law was perfectly legal and valid. He was not entitled to a writ of habeas corpus nor a hearing thereunder.

The said Act of 1913 did make the theft of an automobile, whatever the value, a misdemeanor only, as was held by this court in Sparks v. State, 77 Texas Crim. Rep., 154, 174 S. W. Rep., 351; Howard v. State, 76 Texas Crim. Rep., 347, 174 S. W. Rep., 824, and Greenwood, 76 Texas Crim. Rep., 364, 174 S. W. Rep., 1049. Doubtless because said Act as enacted made theft of an automobile only a misdemeanor and this court so held, the Legislature at its next regular session by said Act of 1915, copied above, expressly so amended said Act of 1913 as to cut out the words therein which made theft of an automobile a misdemeanor only, whatever the value, and left the law of theft of any

personal property, including an automobile of the value of over $50, a felony under the statute of theft of property of over the value of $50 (Arts. 1329 and 1340.) This Act of 1915 and the caption thereof meets the requirements of section 36, article 3, of the Constitution, as has many times been held by this court and the Supreme Court. We deem it unnecessary to discuss the question. Mr. Harris, in his Annotated Constitution of Texas, collates some of these cases under said section of the Constitution and particularly on pages 277-278, which see.

Therefore the judgment of the lower court remanding appellant to the custody of the sheriff is affirmed.

*Affirmed.*