## F. S. HUNT v. THE STATE.

### No. 6167. Decided March 30, 1921.

**1.—Theft of Automobile—Bystander's Bill—Practice on Appeal.**

The court agrees with the trial judge that the appellant, nor his attorneys, was such bystanders as the law contemplates. Following Walker v. State, 88 Texas Crim. Rep., 389, 227 S. W. Rep., 308; and it is not necessary to discuss the question as to whether one of the attorneys could sign his co-counsel's name by him as agent and swear to the facts alleged, and have it considered, if it were otherwise permissible.

**2.—Same—Bills of Exception—Practice in Trial Court.**

The trial judge should not have filed the bills of exception as qualified and explained by him unless defendant agreed to accept them as so modified; however, when defendant ascertained that this had been done, his proper course was to present a motion to withdraw them from the files, and request the trial judge to cancel the qualifications and mark the bills "refused," with the further request that the judge prepare and file bills in lieu thereof; then, if the judge declined to do so, he should have resorted to proper bystanders bill to show that he had been denied his bills. Following Jones v. State, recently decided.

3.—Same—Bills of Exception—Qualifications—Practice on Appeal.

Where the qualifications and corrections by the trial judge really amount to new bills, and in view of his statement give them the attitude of bills prepared in lieu of refused bills, this court will consider them in connection with the qualifications.

4.—Same—Theft of Automobile—Misdemeanor—Felony—Value—Statutes Construed.

Where appellant insists that, notwithstanding the Act of the Legislature of 1915, amending article 1259-A, Vernon's P. C., the theft of an automobile is still a misdemeanor regardless of its value, and that therefore the District Court was without jurisdiction: held, that considering the law as it now stands, and giving all parts of it effect to reach the conclusion contended for by defendant would do violence to a reasonable construction of the statute. Following Sparks v. State, 174 S. W. Rep., 351.

5.—Same—Requested   Charge—Exculpatory   Evidence—Motor   License—Accomplice.

Where, upon trial of theft of an automobile, the State introduced the motor license with the transfer on the back thereof as shown by the instrument, which defendant delivered to the purchaser who bought the car from the defendant, the court should have submitted charge that the jury must accept as true the statements contained in said motor license and transfer, unless the evidence shows same to be untrue beyond a reasonable doubt, and in this connection the testimony of the accomplice is not alone sufficient to prove the statements therein contained, and a failure to do so was reversible error. However, the requested charge was not in proper form. Following Roberts v. State, 60 Texas Crim. Rep., 20, and other cases.

6.—Same—Accomplice Testimony—Withdrawal of Improper Testimony—Other Offenses.

Upon trial of theft of an automobile, it was permissible for the accomplice to testify that he and the defendant had entered into an agreement or conspiracy to steal Ford cars, and that this car, alleged in the indictment, was taken by defendant to demonstrate how easy it was to carry out the purpose of the agreement, but it was error to permit the State to show theft by defendant of other automobiles, even though they may have been committed in pursuance of the same conspiracy, and the withdrawal of such illegal testimony did not cure the error. Following Deckerd v. State, 88 Texas Crim. Rep., 133.

7.—Same—Evidence—Flight—Bill of Exceptions—Practice on Appeal.

Where the bill of exception, under the issue permitting evidence of defendant's arrest and attempted escape, were in such condition that they could not be intelligently interpreted, the same will not be considered.

8.—Same—Charge of Court—Identity of Property—Owner.

Where, upon trial of theft of an automobile, the defendant requested the court to charge the jury to return a verdict of not guilty, unless they believed beyond a reasonable doubt that the automobile in question was the one that belonged to the alleged owner, which the court refused, the same was reversible error. Following Doss v. State, 28 Texas Crim. App., 506, and other cases.

9.—Same—Accomplice Testimony—Corroboration—Charge of Court—Insufficiency of the Evidence.

Where upon trial of theft of an automobile, the conviction depended chiefly upon the testimony of an accomplice, which was not corroborated sufficiently to sustain the conviction, the judgment must be reversed and the cause remanded. Following Smith v. State, 58 Texas Crim. Rep., 106.

10.—Same—Continuance—Practice on Appeal—Argument of Counsel.

Where the judgment is reversed and the cause remanded for other reasons, it is not necessary to discuss the failure of the court to grant the application for continuance, nor the remarks of the county attorney before the jury that he was ready in five cases against the defendant for the same reason, although this should not have occurred.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of theft of an automobile; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*McCutcheon & Church* and *Geo. Clifton Edwards,* for appellant.— On question of corroboration: Maibaum v. State, 128 S. W. Rep., 379; Smith v. State, 124 S. W. Rep., 920; and cases cited in opinion.

On question of exculpatory statements: Daniel v. State, 132 S. W. Rep., 773; Miller v. State, 225 S. W. Rep., 383; Mullins v. State, 225 S. W. Rep., 164.

On question of withdrawing illegal testimony: Brookerson v. State, 225 S. W. Rep., 376, and cases stated in opinion.

*R. H. Hamilton,* Assistant District Attorney, for the State. On question of bills of exception: Taylor v. State, 87 S. W. Rep., 1039; Jones v. State, 33 Texas Crim. Rep., 8; Blain v. State, 34 id., 450.

HAWKINS, JUDGE.—Appellant was convicted of theft of an automobile from A. DeZavala, and his punishment assessed at ten years in the penitentiary.

Many bills of exception were presented to the trial judge by appellant, and some were qualified and explained by the judge and filed by him with the clerk. After they were so filed appellant caused affidavits to be made, one by himself, one by his wife, one by his attorney, G. C. Edwards, and another by G. C. Edwards as agent for Currie McCutcheon, who was also appellant's attorney. These affidavits were to the effect that the bills as originally presented were true and correct, and that the explanation and codicils affixed by the judge were not correct. The attorney for appellant caused slips containing these affidavits to be attached to the original bills with the qualifications thereon which had already been filed, and calls them "bystanders" bills, and

aks this court to ccnsider the original bills without the qualifications and explanations as "bystanders" bills.

After the affidavits were attached to the bills the trial judge affixed the following notation, viz:

"All the bills of exception in the three cases against Hunt were presented to the county attorney by Hunt's attorneys and nearly all of them were so inaccurate and argumentative and full of mis-statements, he could not agree to their correctness. I found they were nearly all incorrect, and with the assistance of the county attorney undertook to qualify and correct them and filed them with the clerk. Thereafter counsel for the defense, viz: G. C. Edwards, attached slips to each of the bills swearing that as originally presented they were correct; he also had the defendant's wife and the defendant to swear they were correct and undertakes for his co-counsel Currie McCutcheon to swear they were correct. Mr. Edwards calls all of these bills with the attached slips bystanders bills of exception. For the reason that I do not think a defendant's wife and the defendant and his two attorneys are the bystanders the law requires, I do not make out and file other bills but adopt the ones corrected and explained as the bills I approved."

We agree with the trial judge that the appellant nor his attorneys, were such "bystanders" as the law contemplates. Walker v. State, 88 Texas Crim. Rep., 389, 277 S. W. Rep. 308 So. holding, it is not necessary to discuss the question as to whether one of the attorneys could sign his co-counsel's name by him as agent, and swear to the facts alleged, and have it considered, if it were otherwise permissible.

The judge ought not to have filed the bills as qualified and explained by him without appellant agreed to accept them as so modified; however, when appellant ascertained that this had been done, his proper course would have been a motion to withdraw them from the files, and request the judge to cancel the qualifications and mark them "refused," with the further request that the judge prepare and file bills in lieu thereof; then if the judge declined to do so, he could have resorted to proper "bystanders," or by affidavits have shown that he had been denied his bills. Bert Jones v. State, recently decided, decided by this court March 16, 1921, and cases therein cited. The qualifications and corrections by the judge really amount to new bills, and in view of the last statement by him, viz.: "I do not make out and file other bills but adopt the ones corrected and explained as the bills I approved," gives them the attitude of bills prepared in lieu of refused bills. Counsel for appellant seems to have realized this, for he attempted by the affidavits attached to give them, as originally prepared, vitality as "bystanders" bills. For the reasons hereinbefore stated he failed in his effort, and we will consider them in connection with the qualifications.

Counsel for appellant insists that notwithstanding the Act of the Legislature of 1915, amending Article 1259a Vernon's P. C., the theft

of an automobile is still a misdemeanor regardless of its value, therefore the District Court which tried this case was without jurisdiction. In Ex Parte Jackson, 83 Texas Crim. Rep., 55, 200 S. W. Rep., 1092, the issue here raised was not presented, and in order to discuss this question it will be necessary to refer to Article 1259a before and since the amendment in connection with other articles of our statutes. The article now reads:

"Whoever purposely takes, drives or operates, or purposely causes to be taken, driven or operated upon the public road, highway or other public place, any motor vehicle, bicycle, buggy, carriage or other horse driven vehicle, without the consent of the owner thereof shall, if the value of such motor vehicle, bicycle or other vehicle is thirty-five ($35.00) dollars or more, be imprisoned in the county jail for not less than six months nor more than one year, or if the value is less than that sum, be fined not more than two hundred dollars ($200.00), or imprisoned not more than thirty days, or both."

Before its amendment it was exactly as it is now with the exception of the first three words "Whoever 'shall steal,' or purposely takes," etc. Appellant insists that the word "takes" shall be given the meaning as contained in Article 1331, Vernon's P. C., which explains what constitutes "taking" under the definition of theft. In Sparks v. State, 76 Texas Crim. Rep., 263, 174 S. W. Rep., 351, it was held the word "steal" had the effect of denouncing the theft of an automobile as a misdemeanor regardless of its value.

In reaching that conclusion the court was confronted with Article 1344 of the Code—"The word 'steal' or 'stolen' when used in this Code in reference to the acquisition of property includes property acquired by 'theft;' " and the court very properly concluded that they could not inquire into the intent of the Legislature, because language was so unambiguous that they were compelled to give it the construction they did, and hold that whatever might have been the intent of the Legislature, it had in truth and in fact denounced the theft of an automobile, regardless of its value, as a misdemeanor. That opinion was handed down from this court on the 24th day of February, 1915. The Legislature was then in session, and as soon as its attention was called to that decision it immediately amended the law, eliminating the words "shall steal" and leaving it as we now find it in the Code. This amendment was approved on March 22, 1915, within a month after the decision in the Sparks case had been delivered. With that history of the legislation incident to this subject, we may properly conclude that as soon as the attention of the Legislature was called to the effect of the law passed by it at the previous session, it immediately eliminated the words upon which the opinion was based; from which we could reasonably conclude that it never intended any such thing in the first instance. Considering the law as it now stands, and giving all parts of it effect, to reach the conclusion contended for by appellant would do violence to a reasonable construction of it. He wants us to give the

word "take" the same meaning as "steal." Even if we could do that, we could have the article in question reading, (by making the change), "Whoever purposely steals upon the public road, highway or other public place any motor vehicle," shall be guilty of a misdemeanor, but it would follow from the general definition of theft that whoever purposely steals it from any other place than the three mentioned would be guilty of a felony if it is worth more than fifty dollars. We find no article in our Code which gives the word "takes" the same meaning as the words "steal" or "stolen." It is true that "Theft is the fraudulent 'taking' of property," etc., and Article 1331 explains what constitutes "taking" as used in the definition of theft. A person may "take" without stealing, but he cannot "steal" without taking. The language of the original Act where it used the word "steal" was not ambiguous in view of other articles of the Code; but the language of the article as amended certainly would not authorize this court to conclude that immediately after having its attention called to the decision in the Sparks case, the Legislature eliminated the objectionable words, and purposely retained language having the same effect. In reaching this conclusion, we are not violating any of the well known principles of legislative construction. Where the language of the statute is plain and unambiguous, there is no room for construction; but where the meaning is doubtful, the court is authorized to indulge in conjecture as to the intention of the Legislature in the construction of the law. Sparks case, *supra,* and many authorities therein cited. It would be more reasonable to reach the conclusion that Article 1259a, as it now reads, simply means that whoever purposely takes into his possession, and drives or operates upon the public roads, highways, or other public place, any motor vehicle, etc., without the owner's consent, shall be guilty of a misdemeanor.

A. DeZavala had a new Ford automobile stolen from him in Waco on November 3, 1919. On November 7th, G. W. Ellis bought a new Ford car from appellant in Houston. At the time Ellis bought the car appellant delivered to him a motor license with the transfers on the back thereof as shown by the instrument. The State was undertaking to prove that the DeZavala car and the one sold to Ellis were one and the same; after Ellis identified the instrument the State introduced it; same is as follows:

"October 28, 1919. No. 1083. Received by the Tax Collector of Brazos County, Texas, $1.93 in payment of the license fee for the year 1919 on the motor vehicles described below.

N. B. If the motor vehicle has ever before been licensed by the State Highway Department the license number must be written in the square space to the right. If it has not been properly registered write in this space the number shown at place issued.

No. 384557.

Name and model of car made.

Ford Tour. 1919 H. P. 22. Engine No. 3424477.

(If there is no number on the engine write the word 'Defaced' in this space).

Name of person or firm purchased from: Chambers-Wilson M. Co. Owner's name in full: J. H. Hines.

Owner's correct mail address: Hearne, Texas.

　　　　　　　　　　　(Signed)　　Roy Hudspeth,
(Seal)　　　　　　　　　　　　　　Tax Collector, Brazos County.

Receipt Form No. _____, Motor Vehicle.

(On back of the receipt): November 5, 1919. This is to certify that I have this day transferred and sold the within described automobile to F. S. Hunt.

　　　　　　　　　　　(Signed)　　J. H. Hines."

"Sold to G. W. Ellis, 11-7-19. (Signed)　　F. S. Hunt."

The appellant did not testify, and introduced no evidence. He requested the court to charge the jury as follows: "Gentlemen: You are instructed that the State having introduced the motor receipt, dated October 28, 1919, you must accept as true the statements therein contained unless the evidence shows same to be untrue beyond a reasonable doubt, and in this connection the testimony of the accomplice, Guy Simms, is not alone sufficient to disprove the statements therein contained." The court refused to give the special charge and appellant reserved his bill of exceptions.

The State was attempting to show that in Houston appellant was in possession of property recently stolen in Waco. If appellant had told Ellis at the time he sold him the car that he had bought it from J. H. Hines at Hearne, it would have raised the question of explanation of the possession of recently stolen property, a defensive issue. He did not tell him this in words, but delivered to him the motor license which purported to show a transfer of the car from Hines to appellant. The State was in possession of it, and introduced it in evidence. To our minds the written instrument, when put in evidence, raised the same defensive issue that a verbal explanation would have raised. The court may not have believed it, and perhaps the jury might not; but the issue was there, and appellant was entitled to a proper charge on it. The form of charge set out in Wheeler v. State, 34 Texas Crim. Rep., 350, 30 S. W. Rep., 914, has long been approved; but the writer believes the suggestion of Judge Davidson in Roberts v. State, 60 Texas Crim. Rep., 20, 129 S. W. Rep., 611, is much the simpler and less involved way to present it to the jury. Call it an explanation of possession of recently stolen property, or what you will, it is a defensive issue only, and the jury should have been told if they believed appellant bought the car in question from Hines, or had a reasonable doubt upon that issue, they should acquit. Branch's Crim. Law, Sec. 796, under which are many cases cited. There was no error on the part of the court in refusing to give the requested charge. It was on the weight of the evidence. It was not in conformity to the charge in the Wheeler case, supra, neither did it meet the suggestions in the Roberts case.

Guy Simms, the accomplice, testified that he and appellant entered into a conspiracy to steal automobiles of a certain kind, and that the DeZavala car was stolen by appellant for the purpose of demonstrating to him how easy it was to carry out the purpose of the conspiracy. On cross-examination he admitted that there were eleven cases of theft of automobiles pending against him in the District Court of McLennan County, and was interrogated by counsel for appellant as to whether or not he had a promise of immunity in those cases from the county attorney. He was not asked on cross-examination the circumstances under which these indictments were returned, nor whether the appellant was connected with him in the alleged theft of those cars; but upon re-direct examination the county attorney, over appellant's objection, asked him if the appellant was not connected with him in all of the eleven thefts, for which he was indicted, to which he answered that he was. The trial judge withdrew this testimony from the consideration of the jury and appellant presents the question as to whether the withdrawal of this testimony improperly admitted, cured the error.

It was permissible, we think, for the accomplice to testify that he and appellant had entered into an agreement or conspiracy to steal Ford cars, and that this car was taken by appellant to demonstrate how easy it was to carry out the purpose of the agreement. It was a part of the case being tried; explained the relation of the parties, and the actions of appellant relative to the car. But it was error to permit the State to show thefts by appellant of other automobiles. This can only be done where it (a) appears in developing the *res gestae,* or (b) becomes necessary to connect the defendant with the case on trial, or (c) to show intent, where that is an issue, or (d) when it tends to show system; but the distinction between "system" and "systematic crimes" should always be borne in mind in admitting this kind of testimony. Evidence of other thefts are not admissible in the absence of one of the four elements just mentioned, even though they may have been committed in pursuance of the same conspiracy under which the theft in the case on trial occurred. Cone v. State, 86 Texas Crim. Rep., 291, 216 S. W. Rep., 190; Long v. State, 39 Texas Crim. Rep., 537, 47 S. W. Rep., 363; Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W. Rep., 601. Error having been committed in the admission of this testimony, we do not think the withdrawal of it saved the harm. Something in the case moved the jury to inflict the heaviest punishment permitted by the law, ten years. This court, speaking on the subject through Judge Morrow, in the Deckerd case, 88 Texas Crim. Rep., 133, 225 S. W. Rep., 166, said:

"The subject of withdrawing evidence erroneously admitted is one upon which there may be found many decisions, and from them we think the rule may be stated *that the error in admitting improper evidence may be generally corrected by a prompt and definite withdrawal by the court, and instruction to the jury to disregard it.* Miller v. State,

31 Texas Crim. Rep., 636, 21 S. W. Rep., 925, 37 Am. St. Rep., 836; and cases therein cited; also, Rose's Notes on Texas Reports, vol. 5, p. 909. But this ruling is subject to the qualification that *the withdrawal will not cure the error in the admission of testimony of a material character prejudicial to the accused on trial, and that, if doubt is entertained, it should be resolved in favor of the accused.* Barth v. State, 39 Texas Crim. Rep., 386, 46 S. W. Rep., 228, 73 Am. St. Rep., 941; Henard v. State, 46 Texas Crim. Rep., 70, 79 S. W. Rep., 810; Dimry v. State, 41 Texas Crim. Rep., 273, 53 S. W. Rep., 853; McCandless v. State, 42 Texas Crim. Rep., 59, 57 S. W. Rep., 672."

Appellant complains of the trial court permitting evidence of appellant's arrest in South Dakota, and of his attempt to escape from the officer while returning to Texas, on the ground that the appellant was not under arrest in this particular case at the time he attempted to escape. The bill of exceptions on this issue is in such a condition that we are hardly able to act intelligently on the matter. The deputy sheriff who testified to the attempt to escape while he was returning to Texas with appellant, said he had extradition papers in only one case, and did not know what case that was; but there was evidence that complaints were on file for the instant case. Being unable to determine whether the arrest was in this case, and it being necessary to reverse on other grounds, we do not discuss the question.

Appellant requested the court to give the following charge to the jury:

"You are instructed to return a verdict of not guilty herein unless you believe beyond a reasonable doubt that the automobile sold to Ellis in Houston, Texas, was the automobile that belonged to De-Zavala."

The court declined to give this charge. We have examined the record in this case closely and we are unable to understand on what theory the trial judge, under the facts of this case, declined to present this issue to the jury. If the Ellis car was not the same as the De Zavala car, the State had no case whatever. If it was the same, it was bound to be proven. "The burden is on the State to prove the identity of the stolen property with that traced to the possession of accused, and when the proof is uncertain as to the identity thereof, the court should give defendant's requested charge as to identity when it pertinently presents the issue." Doss v. State, 28 Texas Crim. App., 506; Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1096. We believe the requested charge, under the facts of this case, should have been given, but we will not discuss the matter further here, as our reason will more clearly appear in the discussion as to whether the accomplice in this case was sufficiently corroborated. The latter question as to the corroboration of the accomplice was raised by appellant in many ways and is before this sourt for review. In Smith v. State, 124 S. W. Rep., 920, and in many other cases it has been held that the proper test in ascertaining whether the corroboration was sufficient is

89 Tex.—7

"eliminating the testimony of the accomplice, does the remainder of the testimony show or tend to show that the defendant committed the offense charged?" With that rule in view let us test this case. De Zavala had stolen from him in the city of Waco a new Ford car. He did not know or pretend to know who took it, and never saw the car again. Four days later Ellis bought a new Ford car from the appellant in the city of Houston. At the time Ellis bought the car appellant turned over to him the motor license with the endorsements and transfers thereon as heretofore set out in this opinion. A short time after he had bought the car appellant returned and told him that he had left a hammer in the car, and was accompanied by Ellis to where the car was, and a hammer and a small wooden box were taken out from under the front seat of the car and turned over to appellant. The deputy sheriff testified that he went to South Dakota and took charge of the appellant where he had been arrested, and that appellant attempted to escape while returning to Texas. The foregoing is the condensed facts of this case, leaving out the testimony of Guy Simms, the accomplice. We have been unable to find in any of the testimony the remotest corroboration. No witness testified, outside the accomplice, that the appellant had any connection with the De Zavala car, and no witness who speaks from the record in this case ever claimed to have seen appellant in the city of Waco or the vicinity thereof about the time the De Zavala car was stolen. The accomplice testified that he saw the appellant take the De Zavala car and that appellant afterwards told him that he got the motor license in Hearne and sold the car in Houston. A hammer and set of dies were identified by the accomplice who claimed to have received them from appellant, and he also said the dies were kept in a box similar to the one Ellis saw taken out of the car he purchased from the appellant in Houston. Ellis fails to identify positively the hammer and the box produced upon the trial as the ones turned over to appellant in Houston, but says to the best of his knowledge and belief they are the same. No proof was made as to the engine number on the De Zavala car and no proof was offered that the engine number on the car sold to Ellis had been in any way mutilated or changed. If appellant took the De Zavala car, but sold to Ellis in Houston a different car, then the De Zavala car was disposed of by him somewhere between Waco and Houston, and there is absolutely no connection of appellant shown with the De Zavala car outside of the testimony of the accomplice, unless the Ellis car and the De Zavala car were one and the same. As stated before, De Zavala never saw the Ellis car and therefore could not know or pretend to know whether that was the car he lost. No transaction that the appellant had with the De Zavala car after the accomplice says he saw him take it in the city of Waco appears in this record, except through the testimony of the accomplice as to what he claims appellant told him after he returned from Houston. The motor license and transfer delivered to Ellis at the time he purchased the car in Houston raised an issue of the pur-

chase by appellant of the car from one Hines. There is an absence from the record of any testimony undertaking to show that Hines was a fictitious person. The foregoing statement of the facts will be sufficient to show why we believe the charge as to the identity of the Ellis car with the De Zavala car ought to have been given in charge to the jury, as well as the further opinion that the corroborative evidence in this case is wholly insufficient to meet the requirements of the law.

We do not discuss the failure of the trial court to grant the continuance requested by appellant, because that will not likely appear on another trial, and neither do we discuss the complaint appellant makes that the county attorney announced before the jury that he was ready in five cases against appellant for the same reason. We have not examined the merits of the latter bill but will only say that if it did occur on the instant trial, it should not occur again.

For the errors pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*