### EARL RENOIS v. THE STATE.

#### No. 6390.   Decided October 26, 1921.

**Burglary—Sufficiency of the Evidence—Recent Possession.**

Possession of property recently stolen without satisfactory explanation is generally sufficient to justify a conviction for theft, or the burglary of premises from which the property is taken, and the matter of the credibility of witnesses, etc., is a question of fact for the jury, and there is no reversible error in the instant case.   Following Nightengale v. State, 50 Texas Crim. Rep., 3, and other cases.

Appeal from the Criminal District Court of Tarrant.   Tried below the Honorable Geo. E. Hosey.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

*Baskin, Dodge & Bishop and Sam S. Beene,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant county of burglary, and his punishment fixed at five years in the penitentiary.

The store of a Mr. Paul in Fort Worth was burglarized and entry by force effected some time after said store was closed on Saturday night and before two o'clock the next afternoon when the burglary was discovered.   Three thousand dollars worth of silks, etc., were taken.   The property was marked and tagged so as to be comparatively easy of identification.   On Monday following, two cartons of the missing property were found in possession of appellant who was trying to sell same to a produce dealer in Fort Worth.   No explanation of his possession of said property was then made, nor did appellant testify on his trial.   He introduced a witness who said he was present on said Monday when a man, a stranger to witness, came to appellant and told him he knew of another party who wanted to sell some silks, and that appellant could make some commission by selling same.   On cross-examination this witness admitted himself to be under bond for swindling awaiting investigation by the grand jury. The only complaint here presented by appellant in his brief is that the evidence fails to support the judgment.   We regret our inability

to agree to this contention.   Possession of recently stolen property, without satisfactory explanation, has often been held by this court sufficient to justify conviction for theft of such property, òr the burglary of premises from which same was taken.   Morgan v. State, 25 Texas Crim. App. 513; Nightengale v. State,. 50 Texas Crim. Rep. 3; Roberts v. State, 60 Texas Crim. Rep. 20; Vernon's P. C., p. 647 and authorities cited.   The credibility of witnesses is a matter for the jury, and that they saw fit to discredit appellant's witnesses or anyone of them, was within their province.

The judgment will be affirmed.

*Affirmed.*