THOMAS FRANKLIN HUGHES (ALIAS FRANK HUGHES) V. THE STATE.

No. 18970.   Delivered April 28, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*H. H. Rankin, Jr.,* and *J. F. Carl,* both of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of driving an automobile on a public highway in Hidalgo County while intoxicated, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to warrant and sustain his conviction. The record shows that on the night of July 11, 1936, appellant while driving an automobile on a public highway in Hidalgo County ran into an automobile driven by Ben and George Stohler; that as a result of the collision George Stohler was killed and Ben Stohler and appellant were injured. The State's testimony further shows that at the time the appellant was taken to the hospital his breath carried the odor of whisky. In his written confession appellant admitted that on said night he had imbibed a sufficient quantity of whisky to make him "groggy." We think this testimony was sufficient to justify the jury's conclusion of appellant's guilt. Under art. 706, C. C. P., 1925, the jurors are made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, and this court on appeal will not disturb their verdict unless the testimony when considered in its most favorable light for the State does not justify the verdict. See Roberts v. State, 60 Texas Crim. Rep., 20; Sanders v. State, 63 Texas Crim. Rep., 258.

In his motion for a new trial appellant for the first time complains of the court's charge. Art. 658, C. C. P., provides that before the charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and shall present his objections thereto in writing, distinctly specifying each ground of objection. The record before us fails to show that any objection was made to the court's charge in the manner and within the time prescribed by law. Hence the question sought to be raised here is not properly brought before this court. If appellant was not satisfied with the court's charge or the manner in which he submitted the law applicable to the

case,. he should have filed his written objections thereto as provided by law.

Appellant's next ground of complaint is that art. 802,. P. C., is of no force and effect because the penalty prescribed therein for said offense is in the alternative, in this, that it prescribes the maximum punishment for a felony and the maximum punishment for a misdemeanor. In other words it leaves it optional with the jury whether they will assess the maximum penalty of two years or the maximum penalty of ninety days in jail. His contention is that the statute is in conflict with Sec. 28 of Article I of our Constitution which reads as follows:

"No power of suspending laws in this State shall be exercised except by the Legislature."

We fail to see how the said statute is in conflict with the article of the constitution referred to. There seems to be no inhibition in the constitution against an act of the Legislature which leaves it optional with the jury to determine the kind of punishment which they may assess against an offender so long as they fix the punishment within the limits prescribed by law. It seems that the legislature has the right to prescribe maximum and minimum penalties for an offense leaving it to the jury to determine which penalty to assess.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant takes the position that there is no testimony showing that he was intoxicated on the occasion in question, except that given by the nurse at the hospital, where she saw him after the accident. Referring to the statement of facts, we note that in addition to testifying to the incidents of the accident, which support the conclusion that a sober man would not have driven his car into another,—as appellant did on said occasion,—we find this statement in the testimony of Ben Stohler: "You asked me if he (referring to appellant) exuded the odor of whisky and I answer that he certainly did." The nurse, above referred to, testified that a man would not breathe, as this appellant

was breathing when she saw him, from one drink, but would have to be intoxicated, and she further said that in order for a man to breathe like this appellant was breathing, he would have to have quite a bit of liquor. She also testified that it would have been impossible for anything else to have caused the type of stertorous breathing that he had. The doctor who attended appellant immediately after the accident testified: "I do not give any testimony as to the degree of intoxication at the time I examined him, but I do know that his breath exuded the odor of liquor." Asked as to whether the breathing of appellant indicated anything, the doctor testified as follows: "Yes, sir, if a man gets drunk he will breathe in that manner, and if he gets a lick on the head he will breathe in that manner. I thought his breathing at that time was due to liquor." We are not able to agree with appellant's contention that the evidence is not sufficient to show that he was intoxicated at the time alleged in the prosecution.

The motion for rehearing will be overruled.

*Overruled.*