CARL R. CALLAWAY V. THE STATE.

No. 23701. Delivered June 25, 1947.
Rehearing Denied October 22, 1947.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 5, 1947.

*A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for burglary with a sentence of five years in the penitentiary.

The warehouse of a housing project, in the City of Dallas, was burglarized in the late afternoon or early evening and certain tools and goods were removed therefrom. Early the next morning, and probably the same evening, appellant was in possession of these goods, selling and offering for sale several articles to different dealers in Grand Prairie. The state offered no other evidence to connect appellant with the burglary than the possession of the property so recently stolen.

Appellant was arrested the day following the burglary and made the statement to an officer that he had purchased the articles from a man, giving his name. Appellant did not testify on the trial of the case, but offered the evidence of his mother and sister to the effect that they were with him in Fort Worth and in Grand Prairie at the time of the burglary, and that they saw him at the latter place dealing with a man and knew of his paying for the things. The sister said she loaned him $49.00 to help buy them.

Based on this evidence appellant asked for an instructed verdict of not guilty, which the court refused. Unquestionably this was proper.

The court charged the jury on circumstantial evidence, on the defense of alibi, and further, that if "* * * you further find and believe from the evidence that the defendant purchased said property from a man by the name of Walters or any other person or if you have a reasonable doubt thereof, then, you will acquit the defendant."

Appellant excepted to this charge for the further reason that the court does not charge the jury, "* * * that if the defendant was found in the possession of property recently stolen from the burglarized premises, and when his possession was first questioned he made an explanation of such possession that was reasonable and probably true and accounted for his possession in a manner other than by or as a result of such burglary, then, the burden of proof is upon the state to prove beyond a reasonable doubt that such explanation was false and unless the state has so proven beyond a reasonable doubt the jury should acquit the defendant." This exception follows a long line of cases beginning with Wheeler v. State, 30 S. W. 913, and many others commented on in Volume 41, Texas Jurisprudence, at page 219. Such charge in this line of decisions was ably discussed in Roberts v. State, 129 S. W. 611, and again in Hunt v. State, 229 S. W. 869.

Attention is also called to Fiveash v. State, 67 S. W. (2d) 881. The court there approved a charge which told the jury that if they believed defendant found the stolen property on his premises, without any knowledge as to how it came there or by whom it was placed there, they should find the defendant not guilty; or if they had a reasonable doubt as to whether or not the defendant took the property fraudulently with intention to deprive the owner of its value and appropriate it to his own use and benefit, that they should acquit him. Such charge was held to be sufficient.

We are of the opinion that the charge given in the instant case protects appellant as fully as does the charge in the Fiveash case, and eliminates the necessity for the more involved charge which appellant asked the court to give. If the jury believed he purchased the property they were instructed to acquit him. They would be required to believe this same thing, had the court gone further in compliance with exceptions lodged against the charge.

Appellant's Bill of Exception No. 2 complains of the argument of the assistant district attorney in the following language:

(As the same is found in the court's qualification to the bill.) "After this case is over, if you come by the District Attorney's office and see me I will tell you why I tried this case." The argument should not have been made but it was without force and not inflammatory. The court sustained objection to it and, going further than requested, instructed the jury to disregard the statement. We think the prompt action of the court was timely and, as the same is brought forward, the bill does not call for reversal of the case.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In this motion it is contended that since it is shown that appellant claimed that he had purchased the property found in his possession and which evidently had been taken at the time from the burglarized premises, that the trial court was in error in its charge wherein it failed to instruct on the law relative to the possession of recently stolen property and a reasonable explanation of such possession, and that if such explanation be present, then the duty devolves upon the State to show the falsity thereof beyond a reasonable doubt. The careful trial court did charge that if the jury believed, or had a reasonable doubt, that appellant purchased this property alleged to have been taken from the burglarized home from Walters or any other person, to acquit appellant. In other words, unless they believed beyond a reasonable doubt that appellant did not purchase this property from anyone, then to acquit him, thus going further than any defense offered by appellant, and not even demanding the probable truth of the statement.

Branch's Ann. Tex. P. C., p. 1334, sec. 2465, says:

"Possession of property recently stolen being a *circumstance* only, no inference of guilt is deduced therefrom as a matter of law; therefore it is no more necessary to single out and charge on the circumstance of such possession than it would be to single out and charge on the circumstance of flight or motive. Nor does the fact that an *explanation* of such possession is in evidence require a charge on the subject of possession and explanation. An explanation is of no consequence to either side unless it involves some *defense;* hence an *affirmative* charge on the

defense involved in the explanation is all that is required and is the safest and fairest way of submitting the issue to the jury."

This statement cites numerous cases by this court.

We think the original opinion properly disposes of this case, and the motion will therefore be overruled.