## ED GRAHAM v. THE STATE.

### No. 3921. Decided January 26, 1916.

**1.—Selling Intoxicating Liquors Without License.**

Where, upon trial of selling intoxicating liquors without license in non-prohibition territory, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Other Transactions.**

Where, upon trial of selling intoxicating liquors without license, defendant contended that he made a gift and not a sale of the whisky, there was no error in admitting testimony of the sale of beer by him about the same time, the court properly limiting the testimony. Following Craig v. State, 23 S. W. Rep., 1108, and other cases.

**3.—Same—Name of Prosecutor—Idem Sonans.**

Where the testimony showed that the prosecutor's name was "Chaudoin" and the name alleged in the information was "Chandoin" and that he was called by both names, there was no reversible error. Following Perez v. State, 50 Texas Crim. Rep., 34, and other cases.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of selling liquor without license; penalty, a fine of $500 and one day confinement in the county jail.

The opinion states the case.

*Simpson & Estes,* for appellant.—On question of insufficiency of the evidence: State v. Winterman, 179 S. W. Rep., 704.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was charged with unlawfully selling to one L. E. Chandoin intoxicating spirituous liquors, in quantities less than a gallon, without first having obtained a license to sell such liquors.

It was admitted on the trial that prohibition was not in force in the territory where the liquor was sold, if sold, and also admitted that appellant had no license to sell such liquors.

The facts would show that appellant was a porter at the Siebold hotel, and the State's witnesses testify that they went to the Siebold hotel and asked appellant if he would get them some whisky, and he said he could. Chandoin or Chaudoin testified he purchased a bottle of whisky and paid appellant one dollar for it; that Officer Brothers was with him, and he also purchased a bottle of whisky from appellant. Appellant denies making any sale of whisky to Chandoin or Chaudoin, but admits that Chandoin did come and ask him for a drink of whisky, and he gave him the bottle to get a drink out of it, when Chandoin kept the entire bottle, but appellant most emphatically denies that he made any sale of the whisky, or that he received any money for it; that it was a gift.

The State also proved by its witnesses that about an hour after they

say they purchased the whisky they, together with Officer Elliott, went back and Brothers purchased four pints of beer from appellant, paying him seventy-five cents for it. Appellant admits also letting Brothers have the beer, but says it also was a gift, and that Brothers paid him no money for it.

Appellant objected to the testimony of the purchase of the beer on various grounds. There was no error in admitting the testimony. Appellant was contending that he made a gift and not a sale of the whisky, and other contemporaneous transactions would be admissible to aid the jury in passing on that issue. Craig v. State, 23 S. W. Rep., 1108; Stovall v. State, 97 S. W. Rep., 92. The court properly limited this testimony in his charge, and instructed the jury he could not be convicted for any sale other than a sale to Chandoin, if he made such sale.

The information charged appellant with making a sale to L. E. Chandoin. On the trial of the case this witness was asked how he spelled his name, and he spelled it Chaudoin. Appellant then asked for an instructed verdict of not guilty, the sale not having been proven to have been made to the person alleged. The court, in approving the bill, states: "Witness swore that while his name was Chaudoin he was as well known by the name Chandoin as by the name Chaudoin." The statement of facts supports this qualification, he testifying: "I am generally known and called by the name of Chandoin. I receive letters addressed to me as Chandoin." Perez v. State, 50 Texas Crim. Rep., 34; Owen v. State, 7 Texas Crim. App., 329; Young v. State, 30 Texas Crim. App., 308; Carter v. State, 39 Texas Crim. Rep., 345; Addison v. State, 44 Texas Crim. Rep., 80.

The above are the only two questions presented in appellant's brief. While there are some others raised in the motion for a new trial, we do not deem it necessary to discuss them. We have read the entire record, and no error is presented.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent