## DOCK MARTIN V. THE STATE.

No. 4480.  Decided October 17, 1917.

Rehearing denied November 14, 1917.

**1.—Murder—Misconduct of Jury—Presumption—Practice on Appeal.**

Where, upon appeal from a conviction of manslaughter, the record showed that the trial court heard evidence under the motion for new trial on account of the misconduct of the jury and overruled said motion, the presumption is that the lower court ruled correctly, in the absence of other testimony.

**2.—Same—Bill of Exception—Filing—Order of Extension.**

Where the bill of exception was not filed in proper time the same can not be heard on appeal, notwithstanding the appellant secured a five-day order of extension, after the time for filing said bills of exception had expired, as the continuity of time can not be broken by such order.

Appeal from the District Court of Gonzales.   Tried below before the Hon. M. Kennon.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

W. M. Atkinson and W. H. Blanton, for appellant.

E. B. Hendricks, Assistant Attorney General, for the State.—On question of filing bills of exception:   Presley v. State, 60 Texas Crim. Rep., 102; Armstrong v. State, 60 id., 59.

On question of misconduct of jury:   Sharp v. State, 71 Texas Crim. Rep., 633, 160 S. W. Rep., 369.

DAVIDSON, Presiding Judge.—The appellant was convicted of manslaughter and given a term of three years' confinement in the penitentiary.

There were several bills of exception reserved, but on account of the fact they were filed too late to be considered, the matters expressed in them will not be reviewed.   The amended motion for new trial sets up misconduct of the jury in this, that during their retirement they discussed the fact that appellant had previously served a term in the penitentiary.   This is supported by the affidavits of two jurors.   These affidavits are rather meager, and it is not stated in either of them that such testimony was not introduced before the jury.   If it be conceded that such evidence was not before the jury, then the question is whether or not this is so presented that it requires revision.   One of the bills, if it could be considered, recites that the motion was heard by the court and evidence introduced in support of it, but was, by the court, overruled.   The judgment of the court also recites that evidence was heard.   It would seem then from this bill that evidence was introduced. The record does not contain the evidence which was introduced.   If heard by the court, in regard to the misconduct of the jury, the action of the court overruling the motion would not be revised unless the evidence was in some way brought in the record.   In the absence of the testimony the presumption is that the court ruled correctly.

In the light of the record as it is presented we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

ON REHEARING.

November 14, 1917.

DAVIDSON, PRESIDING JUDGE.—Recently the judgment herein was affirmed without consideration of the bills of exception. The motion for rehearing insists the court was in error, and that the bills of exception were properly filed. In view of this insistence we have gone over this matter again. To state the matter definitely, the court adjourned on the 29th day of January, 1917. The court granted a thirty-day order. Before the expiration of the thirty days, towit, on February 19, appellant secured an order extending the time for thirty days in which to file his bills of exception. Giving full benefit from the adjournment of the court until the expiration of the second thirty days would bring it up to the latter part of March, that is, sixty days from the 29th of January. The bills of exception were not filed within this time. On the 19th of April, after the expiration of the second order extending the time, appellant secured a five-day order from the district judge in which to file his bills of exception. This came too late. See Armstrong v. State, 60 Texas Crim. Rep., 59, and Presley v. State, 60 Texas Crim. Rep., 102. Other cases could be cited in support of this proposition.

In order to have extended the time so as to take advantage of it in filing the bills of exception the continuity should not have been broken. The order had expired in the latter part of March authorizing the filing of the bills of exception, but they were not filed. There was nothing then done until the 19th of April, showing an interregnum of about three weeks, when the order granting the five days in which to file the bills of exception was made. Under all the authorities this matter came too late and can not be considered.

The motion for rehearing is overruled.

*Overruled.*