MARTIN v. STATE.   (No. 4480.)

(Court of Criminal Appeals of Texas.   Oct. 17, 1917.   On Motion for Rehearing, Nov. 14, 1917.)

1. CRIMINAL LAW ☞1124(4) — APPEAL — SCOPE—RECORD.
   Where the bill of exceptions showed that testimony was heard by the court in passing on a motion for new trial for misconduct of the jury, but the record did not set out such testimony, the denial of new trial will not be reviewed.

2. CRIMINAL LAW ☞1144(18) — APPEAL — SCOPE—RECORD.
   In the absence of the testimony heard by the court before denying new trial for misconduct of the jury, the presumption is that the court ruled correctly.

On Motion for Rehearing.

3. CRIMINAL LAW ☞1092(9)—APPEAL—BILL OF EXCEPTIONS—TIME TO FILE.
   Where accused was given 30 days to file his bill, and the time was extended 30 days, and, after the 60 days expired, he was given 5 days to file a bill of exceptions, his bill then filed was too late; continuity of time being broken.

Appeal from District Court, Gonzales County; M. Kennon, Judge.

Dock Martin was convicted of manslaughter, and he appeals. Affirmed. On motion for rehearing. Motion overruled.

W. M. Atkinson, and W. H. Blanton, both of Gonzales, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The appellant was convicted of manslaughter and given a term of three years' confinement in the penitentiary.

[1, 2] There were several bills of exception reserved; but, on account of the fact they were filed too late to be considered, the matters expressed in them will not be reviewed. The amended motion for new trial sets up misconduct of the jury, in this, that during their retirement they discussed the fact that appellant had previously served a term in the penitentiary. This is supported by the affidavits of two jurors. These affidavits are rather meager, and it is not stated in either of them that such testimony was not introduced before the jury. If it be conceded that such evidence was not before the jury, then the question is whether or not this is so presented that it requires revision. One of the bills, if it could be considered, recites that the motion was heard by the court and evidence introduced in support of it, but was by the court overruled. The judgment of the court also recites that evidence was heard. It would seem then from this bill that evidence was introduced. The record does not contain the evidence which was introduced. If heard by the court, in regard to the misconduct of the jury, the action of the court overruling the motion would not be revised unless the evidence was in some way brought in the record. In the absence of the testimony, the presumption is that the court correctly ruled.

In the light of the record as it is presented, we are of opinion the judgment should be affirmed, and it is, accordingly, so ordered.

On Motion for Rehearing.

[3] Recently the judgment herein was affirmed without consideration of the bills of exception. The motion for rehearing insists the court was in error, and that the bills of exception were properly filed. In view of this insistence, we have gone over this matter again. To state the matter definitely, the court adjourned on 29th day of January, 1917. The court granted a 30-day order. Before the expiration of the 30 days, to wit, on February 19th, appellant secured an order extending the time for 30 days in which to file his bills of exception. Giving full benefit from the adjournment of the court until the expiration of the second 30 days would bring it up to the latter part of March; that is, 60 days from the 29th of January. The bills of exception were not filed within this time. On the 19th of April, after the expiration of the second order extending the time, appellant secured a 5-day order from the district judge in which to file his bills of exception. This came too late. See Armstrong v. State, 60 Tex. Cr. R. 59, 130 S. W. 1011, and Presley v. State, 60 Tex. Cr. R. 102, 131 S. W. 332. Other cases could be cited in support of this proposition.

In order to have extended the time so as to take advantage of it in filing the bills of exception, the continuity should not have been broken. The order had expired in the latter part of March authorizing the filing of the bills of exception, but they were not filed. There was nothing then done until the 19th of April, showing an interregnum of about

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

three weeks, when the order granting the five days in which to file the bills of exception was made. Under all the authorities, this matter came too late and cannot be considered.

The motion for rehearing is overruled.

