### HUGH JARROTT v. THE STATE.

#### No. 5269.    Decided February 5, 1919.

**1.—Local Option—Statement of Facts—Bills of Exception.**

Where the statement of facts was not approved by the trial judge, and the bills of exception were filed one day too late, the motion to strike out must be sustained.

**2.—Same—Indictment—Local Option Law.**

In the absence of a contest in the election within the time prescribed by the statute, and a finding of the court that the election was illegal, the same can not be questioned thereafter. Besides, a motion to quash without the facts supporting it can not be considered.

**3.—Same—Zone Law—Statutes Construed—Repeal.**

The so-called zone law is a regulatory measure and does not apply to local option territory; besides, the local option law can not be repealed except by the people themselves.

**4.—Same—Statewide Prohibition.**

The so-called statewide prohibition law has been held invalid and does not repeal a local option law. Following Ex parte Myer, 207 S. W. Rep., 100.

Appeal from the District Court of Montague. Tried below before the Hon. John Speer.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hugh Jarrott,* in person, for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of filing bills of exception: Roberts v. State, 62 Texas Crim. Rep., 7; Griffin v. State, 59 id., 424.

On question of statement of facts not approved: Taylor v. State, 52 Texas Crim. Rep., 190, and cases cited in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at two years confinement in the penitentiary.

The statement of facts is not approved by the trial judge, and the bills of exception seem to have been filed one day too late. There was a sixty-day order entered allowing the filing of bills of exception and statement of facts, and an additional order of thirty days was entered by the court, making ninety days allowed in which to file bills of ex-

ception.    The bills were filed on the ninety-first day, which is one day too late for their consideration.

Appellant presents in his motion to quash and in his motion for new trial a question that ought to require notice. His contention is that the local option law was not put into effect legally. This can not be considered as presented. The election was held in 1912. This election would be held valid in the absence of a contest within the time prescribed by the statute and a finding of the court upon that contest that the election was illegal. In any event, it could not be made the subject of a motion to quash without the facts supporting it.

It is contended also that the local option law, if valid, was repealed and the statute set aside by what is popularly known as the zone law. We can not agree with this contention. The zone law, in Ex parte Hollingsworth, 83 Texas Crim. Rep., 400, was held to be a regulatory measure and did not apply to local option territory. The regulation of the sale of whisky does not apply in local option territory. It is unnecessary to review or discuss the question involved in the Hollingsworth case. It being a regulation as announced in that case, it could not interfere with a local option election held by the people and put into operation in the same territory. Appellant perhaps would be in no better condition if the zone law was a prohibition and not a regulation measure, for the reason that if it was a prohibition law then it could not substitute or repeal the local option law voted into existence by the people. The decisions are unanimous in regard to this question in the history of this court.

Nor is there any force in the further ground that what is known as Statewide statutory prohibition repeals the local option law. This question underwent very thorough consideration both on the original submission and on rehearing in the case of Ex parte Myer, 207 S. W. Rep., 100. It is not the purpose of the writer to review those questions again. The substance of the holding was that, in view of the constitutional provision in reference to local option, the Legislature was without authority to pass a prohibition law that was in violation of said section of the Constitution.

As the record presents the case the judgment will be affirmed.

*Affirmed.*