## Isaac Farris v. The State.

### No. 5282.   Decided March 19, 1919.

**1.—Murder—Bill of Exceptions—Filing.**

Where the bill of exceptions in the record upon appeal was filed too late in the court below, the same cannot be considered.

**2.—Same—Charge of Court—Bill of Exceptions.**

In the absence of a bill of exceptions reserved to the failure of the trial court to give a requested charge the same cannot be considered on appeal; besides it did not appear  when this requested charge was presented to the court below.

**3.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

In the absence of bill of exceptions, complaints to the introduction of evidence cannot be considered on appeal.

**4.—Same—Motion on Rehearing—Practice on Appeal.**

The statute provides that, if any person is aggrieved over the admission of testimony upon a criminal trial, he shall make known his objection, and if the same is overruled he shall preserve the entire matter and present it to this court by means of a bill of exceptions, where he fails to do so, or does not file his bill within time required by law, this court must decline to consider the same.

**5.—Same—Charge of Court—Bill of Exceptions—Practice on Appeal.**

The law requires that if there be objections to the charge of the court defendant must present them in writing before the charge is read to the jury, otherwise they cannot be considered on appeal.

**6.—Same—Requested Charges—Practice on Appeal.**

The statute requires that every charge that is requested of the court below must be requested before the argument of the case, and this fact must appear from the charge or the bill of exceptions retained to the court's action in refusing to give it, otherwise it will not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen, judge.

Appeal from a conviction murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne*, for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.—On question of refusing requested charge: Berg v. State, 64 Texas Crim. Rep., 612; Bain v. State, 73 id., 528.

LATTIMORE, JUDGE.—In this case appellant is charged by indictment in criminal district court No. 2 of Dallas County with the offense of murder and upon his trial was found guilty and his punishment fixed at five years in the penitentiary.

There appears but one bill of exceptions in the record and the court is without authority to consider same because it was filed too late in the trial court. On the 30th of October, 1917, the court made an order extending the time for filing the statement of facts and bills of exceptions for thirty days "from that date." This time expired on the 29th day of November and the bill of exceptions was filed November 30th, and it being too late this court cannot consider same.

No exception was taken to the charge of the court on the trial and but one special charge asked, which does not show from its content or anything connected therewith, whether it was presented to the court before or after the main charge or after the case was concluded. There was no bill of exceptions reserved to the failure of the trial court to give this charge from which we can get any such information and we cannot, therefore, consider the action of the trial court in refusing to give said special charge.

Various matters are complained of in the motion for new trial but as they are mostly with regard to the introduction of evidence and errors committed by the court on the trial, and none of them are brought to this court by proper bill of exceptions, the court therefore cannot consider same.

No reversible errors appearing in the record, the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

March, 1919.

LATTIMORE, JUDGE.—This case is before the court upon appellant's motion for a rehearing in which he complains at length

of this court's refusal to consider the error of the lower court in admitting testimony as to what occurred in the conversation between appellant and the deceased. Our statute has provided that if any person is aggrieved over the admission of testimony upon a criminal trial, he shall make known his objection to the court and if the same is overruled that he shall preserve the entire matter and present it to this court by means of a bill of exceptions, the requisites and formalities of which are both statutory and have been passed upon by this court in decisions without number. If this appellant desired to make an objection to the introduction of the testimony of the witness Bane, and get the court's action thereon brought before this court for review it was his plain duty to have taken his exception to the action of the trial court and to have embodied said exception in a bill which it was his duty to have approved and filed within thirty days after the adjournment of the court, or else to have brought before this court in a legal way some sufficient excuse for not having done so. We decline to consider the bill of exceptions seeking to present this erroneous action of the court below for the reason that the said bill was not filed in the trial court within the statutory time. This is perfectly apparent from an inspection of the same and we are not at liberty to consider any reason that may be presented by appellant in argument here why said evidence was admitted and the harm that might have resulted to appellant therefrom. These are matters which should have appealed to appellant's counsel and induced him to present his objections to this court in a proper manner.

What we have just said applies to the other contention, made by appellant on this motion for rehearing, to-wit, that the court committed a fundamental error in his charge. No exception was taken to the charge of the court below, notwithstanding the fact that the statute expressly provides that if there be objection which the appellant desires to present here that he must make his objection known in writing and before the charge is read to the jury. Having wholly failed to do this, it is entirely too late for appellant to come before this court and attempt to argue that the charge is incorrect.

What we have just said applies to the remaining ground of appellant's motion, to-wit, that the court refused to give his special charge as requested. The statutes of this State plainly require that every charge that is requested of the court must be requested before the argument of the case, and this fact must appear from the charge or the bill of exceptions retained to the court's action in refusing to give it. The special charge in this case has nothing in it or around it, before it or after it, upon its face or by bill of exceptions or in any other manner to show whether it was presented to the court and by him refused before the trial begun or after the verdict was brought in. The court cannot tell whether the special

charge was presented before the argument begun or not, and certainly cannot in that condition of the record be called upon to consider whether the principle embodied in such special charge is correct or not.

The motion for rehearing is accordingly overruled.

*Overruled.*