# APRIL, 1919.

### Jimmie Benson v. The State.

#### No. 5333. Decided April 2, 1919.

1.—Local Option—Statement of Facts—Bills of Exception.

Where the statement of facts and bills of exception were filed too late, they cannot be considered on appeal.

2.—Same—Bill of Exceptions—Sufficiency of the Evidence—Rehearing.

Where appellant filed an affidavit in connection with his motion for rehearing, but this cannot alter the ruling in the original opinion as the statement of facts was filed too late, yet if the facts were considered the conviction would be sustained and there was no reversible error.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. B. Keith, judge.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John W. Birdwell,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violation of the local option law, his punishment being assessed at two years confinement in the penitentiary.

He prepared a statement of facts and bill of exceptions which were approved by the court. These were not filed until after the time had expired granted for the purpose of filing same. The court adjourned on the 25th day of October. The bill of exceptions and statement of facts were filed on January 25th thereafter. They were, therefore filed on the ninety-first day instead of the ninetieth. day, the time allowed for such filing. The questions suggested under the exceptions cannot be reviewed, first, because filed too late, and, second, the statement of facts is not before us. In fact, the bill of exceptions was simply reserved to the overruling of the motion for a new trial on the ground of the insufficiency of the evidence.

As the record is presented the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 2, 1919.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the judgment herein was affirmed without reference to the statement of facts, it having been filed too late. Appellant files an affidavit in connection with his motion for rehearing in which he assigns reasons why the statement of facts should be considered. Under our decisions we do not agree with appellant, but it is unnecessary to discuss that proposition, as the matter has been discussed in the opinions for several years back.

But in the light of the insistence of counsel, the writer will state enough of the case to show that if the evidence was considered, his only ground for reversal, to-wit: want of sufficient evidence, is not well taken. The State, through the witness Reece, proved that he bought a pint bottle of Hill & Hill whisky from the defendant. On Sunday evening before the whisky was delivered Monday evening, he gave defendant a five dollar bill which he said would pay for the pint. The next day he went for the whisky, and appellant delivered him the whisky, but demanded another dollar, and he gave him another five dollar bill, which defendant took and had changed, keeping one dollar, returning to him four dollars; that the whisky was delivered by appellant to him and he left the building, and as he went upon the street the chief of police halted him and took the whisky. This witness says he asked the defendant to get him some whisky, and he said he would, and it was for that purpose he gave him the money, and when appellant handed it to him he told him it was whisky; that

he, witness, did not have an opportunity to taste it because the officers took it from him too suddenly. Richardson, the policeman, testified he took it from witness Reece, and that it was whisky; that he did not examine it but turned it over to the sheriff of the county. The sheriff testified that he kept the whisky, and that during his campaign and while in his possession the bottle came open and some of it was spilled on some election cards and they were saturated with it; that there was no question about it being whisky, and that later he tasted it and found it was whisky. This is the State's case in substance. The defendant denied selling the witness Reece any whisky, or receiving any money from him. It was a direct issue of fact as to the transaction. He raised no issue as to what was in the bottle, because he said he did not have a bottle and never transferred one. This is the case in a nutshell, and we think, if the facts were considered, the jury was correct in their finding. It was a matter for the jury to pass upon; the witnesses were before them.

The motion for rehearing will be overruled.

*Overruled.*