Hendrix Darnell v. The State.

No. 6531.   Decided January 11, 1922.

1.—Burglary—Bill of Exceptions—Ninety Days' Limit.

Where the bill of exceptions was not filed within time which was after the expiration of the ninety days' time granted, the same cannot be considered on appeal.

2.—Same—Sufficiency of the Evidence—Practice on Appeal.

Where, upon trial of burglary, the evidence sustained the conviction, and there being no exception to the indictment or the charge of the court, both of which seem in conformity with the law, there was no reversible error and the judgment must be affirmed.

Appeal from the District Court of Coleman.   Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. H. Strong,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Coleman County of burglary, and his punishment fixed at two years in the penitentiary.

There is but one bill of exceptions in the record which cannot be considered by us, because filed too late in the court below. The trial term of the court ended on May 13, 1921, and appellant was, by order entered, granted ninety days in which to file bills of exception and statement of facts. Said bill of exceptions was filed August 13, 1921, which was after the expiration of the ninety days time granted.

There was no exception to the indictment or the charge of the court, both of which seem in conformity with the law. This would leave only the question of the sufficiency of the evidence to support the judgment. Appellant and two companions appeared at Coleman, Texas, about 8:20 A. M. on March 29, 1921, riding in a Cadillac Eight automobile which gave evidence of rough usage. The left front wheel was without rim or casing. The parties announced their desire to trade their car for some other automobile and entered into negotiations for that purpose. Officers came down and searched their car and found in its pockets and under its seats two new Ford casings, Diamond make, a new Ford inner-tube and a pair of pliers. Questioned about these articles appellant and his companions said they found the casings and inner tube in the road near Fort Worth, one casing at one place and another at another. Fort Worth appears from the record to be about 180 or 190 miles from Coleman. Afterward the parties changed their statement and stated they found said articles about nine miles south of Coleman. To another witness they stated that they bought the casings. The car was tracked by means of the rimless wheel to a point where it had left the road and where the lost casing and rim were found. Near this point lived a witness who testified that the car which made said tracks came by his house a little before daylight on the morning of the 29th, going on the road leading from Santa Anna. Some time during the night of March 28th a garage in Santa Anna was burglarized and two new Ford casings, Diamond make, two new Ford inner-tubes and a pair of pliers, were taken. One of the casings lost was a smooth and other a non-skid. One of the casings was wrapped and the other was not. The articles found in the car of appellant and his companions appeared to correspond exactly with the description of those taken from the burglarized house, except that one inner-tube was not found. These facts appear to us amply sufficient

to justify the conclusion of appellant's guilt. Not only was he found in possession of two casings, one smooth and one non-skid, one wrapped and the other not, one new Ford inner-tube and one new pair of pliers, but there were three contradictory explanations made of such possession, none of which appear reasonable under the circumstances. The car in use by appellant and his companions was a large car upon which the tubes and casings found were of no use. In addition to the above facts, the car of appellant and his companions, when seen before daylight on the morning of the 29th, was going south on a road from Santa Anna, and after daylight said car turned back northwest on a different road and went to Coleman where she parties were arrested. Appellant did not testify, and no further explanation appears in the record of his possession of said property.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*