### C. E. GUMM v. THE STATE.

No. 7012.   Decided May 31, 1922.

Assault to Murder—Bills of Exception—Statement of Facts.

> Where the bills of exception were filed too late, and the statement of facts is not duly authenticated, they cannot be consdered on appeal, and there being no fundamental error, the judgment is affirmed.

Appeal from the criminal District Court of Dallas.   Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of assault to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of three years.

The motion for new trial was overruled on the 22nd day of December, 1921. The two bills of exceptions found in the record were filed March 23, 1922. In the absence of an order extending the time within which to file the bills, the statute requires that they be filed within thirty days from the date on which the motion for new trial was overruled. Because they were filed more than thirty days thereafter, the State objects to their consideration. See Article 945, Code of Crim. Procedure. We find that on February 22, 1922, the court entered an order allowing until March 20th within which to file the bills of exceptions. This order would not authorize their consideration since they were not filed until the 23rd day of March.

The State also objects to the consideration of the statement of facts for the reason that it is not authenticated in any manner. As we find it here, it is signed by neither counsel nor the trial judge.

In the absence of bills of exceptions and statement of facts which may be considered, there is nothing pointed out for review, and we have discovered nothing of a fundamental nature which requires discussion.

The judgment is affirmed.

*Affirmed.*