### G. A. JOHNSON v. THE STATE.

No. 7245. Decided December 6, 1922.

Rehearing Denied January 10, 1923.

**1.—Misdemeanor Theft—Statement of Facts.**

A statement of facts must be filed in the lower court within ninety days after adjournment, unless some good cause appears why it was not so filed

within that time, and in the absence of such showing the State's motion to strike out must be sustained. Following Benson v. State, 85 Texas Crim. Rep., 126.

**2.—Same—Rehearing—Statement of Facts—Filing Back.**

Where the statement of facts was not filed within the time allowed by law, and it is not made to appear that any effort was made to obtain the approval of the trial judge, and to file the statement within the period allowed by law, a statement by the county attorney that he agreed that the statement might be filed back as within the time, etc., cannot be considered on appeal.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of misdemeanor theft; penalty, sixty days confinement in the county jail.

The opinion states the case.

*W. C. Wofford,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of misdemeanor theft and his punishment assessed at sixty days confinement in the county jail.

The State has filed a motion to strike out the statement of facts because not filed within the time granted by the court, nor within the time allowed by law. The trial term adjourned on January 28, 1922. Appellant was granted thirty days after adjournment to file statement of facts and bills of exception. On February 27, 1922, he was granted an extension of thirty days, and on March 26 he was granted a still further extension of thirty days, which last expired on April 26, 1922. The statement of facts was not approved by the trial judge until June 29, 1922, and was not filed in the lower court until July 3, 1922. A statement of facts must be filed in the lower court within ninety days after adjournment unless some good cause appears why it was not so filed within that time. The record before us is silent as to the reason for such delay. The State's motion must be sustained. (See Article 845, Vernon's C. C. P., and cases collated thereunder; also cases cited under same Article in 1922 Supplement. Benson v. State, 85 Texas Crim. Rep., 126, 210 S. W. Rep., 538.)

No bills of exception appear in the transcript and no matters appear of record which would call for a reversal of the case and the judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

January 10, 1923.

LATTIMORE, JUDGE.—In support of his motion for rehearing and as evidencing his right to have the statement of facts herein considered, appellant sets forth a lengthy statement of facts and appends to his motion a statement in writing made by the then county attorney of Williamson county. From said motion it appears that on the last day of the last extension of time given him in which to file a statement of facts, he presented to said county attorney a statement of facts which said county attorney then declined to agree to, but took same for the purpose of further consideration. It is stated that thereafter ·the parties came to a conclusion about said statement of facts and that the said county attorney then agreed that it might be filed back as within the time. If these facts were conceded, this court would not be justified in considering a statement of facts filed after the time, whose history was as above stated. That the statement of facts was not filed within the time allowed by law is admitted. That it was not taken to the county attorney until the last day of a ninety-day extension after the adjournment of court, is also made plain. If the county attorney was too busy to then go over said statement of facts and come to an agreement about it with appellant, it was his duty to have taken same to the county judge and had him either then approve or reject it. This was not done, nor is it made to appear that any effort was made to obtain the approval of said county judge to said statement of facts within the period allowed by law. It is much to be regretted that misunderstandings between attorneys for the State and appellant may arise, but the rulings of this court and our statutes are well known.

The motion for rehearing will be overruled.

*Overruled.*