## R. T. Keller v. The State.

No. 7425.    Decided March 1923.

Rehearing denied June 29, 1923.

**1.—Bigamy—Bills of Exception.**

Authorities are too numerous to mention forbidding this court to consider bills of exception which are filed after the time fixed by statute or by the order of the court extending such time. Following Benson v. State, 85 Texas Crim. Rep., 126, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of bigamy, the evidence was sufficient to support the conviction, there was no reversible error.

**3.—Same—Rehearing—Bills of Exception—Transcript.**

Where it appeared on reconsideration of the motion for rehearing, that the bills of exception were inserted in the transcript prior to the date of the certificate, and must have been filed on or before the date when the time expired they will be considered on appeal.

**4.—Same—Bills of Exception—Practice on Appeal.**

Where the bills of exception fail to show what the answers of the witnesses would have been to the question propounded, they cannot be considered; neither can a bystander's bill be considered which is not properly authenticated.

**5.—Same—Evidence—Bill of Exception.**

Where it was not shown by the bill of exception in what manner the cross-examination of the witness was prejudicial, the same could not be considered on appeal.

**6.—Same—Flight—Evidence.**

Upon trial of bigamy there was no error in showing that the defendant went to another State, was there arrested and brought back for trial.

**7.—Same—Evidence—Non-Expert Witness.**

Upon trial of bigamy, where the court sustained an objection by the State, to the testimony of a sister of defendant's first wife relative to his state of mind when intoxicated, of which she had no personal knowledge, there was no reversible error.

**8.—Same—Evidence—Impeaching Testimony—Predicate.**

Where the testimony was admissible as original evidence without the necessity of laying a predicate therefor, and besides defendant only claimed not to remember having made the statement, would not deprive the State of the right to call the impeaching witness.

**9.—Same—Evidence—Moral Turpitude.**

The State had the right to prove by the defendant that he had been charged in the courts of another State or of this State with a felony, or a misdemeanor involving moral turpitude.

**10.—Same—Rehearing—Defendant as a Witness.**

Where defendant testified in his own behalf to a relevant fact, the State has the right to impeach his testimony.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sam S. Beene* and *Carl Wade* for appellant.

*R. G. Storey,* Assistant Attorney General, for appellant.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of bigamy, and his punishment fixed at five years in the penitentiary.

Appellant has a number of bills of exception in the record, each of which presents the same unfortunate condition. The term of the court below ended on the 1st of July, 1922. On the 30th of June the court overruled appellant's motion for a new trial and as a part of his order gave to appellant sixty days from said date in which to prepare and file bills of exception and statement of facts in said cause. On August 24th thereafter, appellant sought an extension of said time and the court made his order specifically granting thirty days from and after August 29, 1922, within which to file and prepare such bills of exception and statement of facts. There remained two days of August. The thirty days extension thus granted appellant expired on September 28, 1922. Each of appellant's bills of exception was filed on September 29, 1922. They were one day too late. We cannot consider them. Jarrott v. State, 84 Texas Crim. Rep. 544, 209 S. W. Rep. 663; Benson v. State, 85 Texas Crim. Rep.

95 T. C.—17

126, 210 S. W: Rep. 538. Authorities are too numerous to mention forbidding us to consider bills of exception which are filed after the time fixed by statute, or by the order of the court below extending such time.

The statement of facts amply shows that appellant, while a married man, attempted a second time to reenter the marriage relation in Tarrant County about the date alleged in the indictment. The minister who performed the ceremony and the persons who were present at the marriage testified, and the marriage license was introduced in evidence. The only attempted defense was based on insanity produced by the continued use of intoxicating liquor. The facts amply supported the verdict and judgment of guilty.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—In our prior disposition of this case we declined to consider appellant's bills of exception because they appeared from the record to have been filed after the expiration of the second period of extension. In the transcript the filing of the bills appears to have been on September 29, 1922, which would have made them one day late. The certificate to the transcript shows to have been made on the 28th day of August. This was a mistake. It should have been September. The affidavit of the deputy clerk so shows. The affidavit further shows that the certificate is correct as to the day of the month, and that the transcript was completed and nothing added thereto after the certificate was affixed. It is clear that the bills of exception were inserted in the transcript prior to the date of the certificate, and must have been filed on or before September 28th, which would entitle them to consideration.

Bills of exception numbers five and seven cannot be considered. They fail to show what the answers of the witnesses would have been to the question propounded. (Branch's Ann. P. C., page 136). Bill number twelve purports to be a bystander's bill. It is authenticated only by appellant's attorneys. This is not permissible. (Walker v. State, 88 Tex. Cr. Rep., 389, 227 S. W. Rep., 308; Hunt v. State, 89 Tex. Cr. Rep., 89, 229 S. W. Rep., 869.)

While Mrs. Chisholm, appellant's witness, was being cross-examined she was asked what appellant said when ''he came down there with this little crippled Calloway girl?'' (Bill No. 3). The question was objected to as being highly prejudicial. It is not made to appear from the bill in what manner it was prejudicial. The bigamous marriage is alleged to have been with Emma Ruth Calloway. If the complaint at the question was because it referred to her as the ''little crippled Calloway girl'' it is not so shown. She

may have been crippled for aught we know from the bill, and this misfortune may have been apparent to the jury. (See Section 207, Branch's Ann. P. C.) This same witness was asked concerning the movements of appellant after his second marriage, and stated "he said he was going to Dallas." Exception was reserved when she was asked if he was not arrested in New Orleans and brought back. If the question was answered the bill does not show it. It is clear from the record that appellant did go to New Orleans, was there arrested and brought back for trial. It was permissible to prove flight as a circumstance against him. (Branch's Ann. P. C., Section 135).

Mrs. Glore, a sister of appellant's first wife, was being examined by appellant relative to his state of mind when in an intoxicated condition. In bill of exception number six it appears that she was basing her opinion with reference to his mental condition upon a circumstance of which she had no personal knowledge and objection was made to the opinion based thereon because the transaction upon which it was based was as to the witness hearsay. The state's objection was sustained as to this particular matter and a bill of exception reserved. We find from the statement of facts however that this witness did testify that at times when appellant was drinking she thought he was crazy and stated her reasons for so thinking. A non-expert witness may give opinion as to the mental status of a party after having detailed the incidents upon which such opinion is based. We find no violation of this rule in the action of the court. To permit a non-expert to base an opinion on what they had only heard would be placing them in the expert class.

There is no merit in bill of exception number eight. After appellant had married Miss Calloway her father made some inquiry of him with reference to his first wife who was living in San Antonio. While appellant was testifying he was asked if he had not told Mr. Calloway that his first wife "was just a woman he had picked up while he was in the army and that he was never married to her," to which he replied that he "did not recollect that." Mr. Calloway was subsequently called by the state and testified that appellant did have substantially such conversation with him. The testimony was admissible as original evidence against appellant without the necessity of laying a predicate therefor; but even had it been purely impeaching the fact that he did not deny the statement directly, but only claimed not to remember having made it would not deprive the state of the right to call the impeaching witness to establish the matter. (Branch's Ann. P. C., page 107, Section 174.)

While appellant was testifying in his own behalf he was asked upon cross-examination if he was not arrested in New Orleans and charged with forgery or swindling for giving worthless checks to which he replied in the negative, but admitted that after he was

arrested he was overdrawn at the bank but had eventually "straightened that out." He was then asked if he did not get the matter adjusted by officers from Texas going down there with requisition papers and bringing him back to Texas. Objection was sustained to the last question. He was asked if he had not been arrested and charged in the courts of San Antonio with the offense of forgery and swindling, to which appellant answered in the negative and stated that he had never been arrested in San Antonio but one time and that was for disturbing the peace. The objections interposed were that the questions related to extraneous, irrelevant and prejudicial matters. We cannot agree that the bill presents any error. For the purpose of impeachment the state had a right to prove by appellant, if it could, that he had been charged in the courts of either Louisiana or Texas with a felony or a misdemeanor involving moral turpitude. We perceive no objection to the form of the questions, and there is nothing in the bill to indicate that the action of the prosecuting officer was unauthorized or without basis for the investigation.

Having considered all the bills of exception and reached the conclusion that they present no matters calling for a reversal, the motion for rehearing will be overruled, and such is the order.

*Overruled.*

### SECOND MOTION FOR REHEARING.

### June 29, 1923.

MORROW, PRESIDING JUDGE.—Appellant having become a witness in his own behalf and having testified to a relevant fact, we know of no rule that would have prevented the State from impeaching him by any legitimate means. It is true that the fact to which he testified would not have justified his acquittal. It was offered, however, to mitigate the punishment. It was therefore relevant and it was competent for the State to discredit him by evidence of a previous prosecution for a felony unless the remoteness thereof was an impediment. The inquiries complained of were addressed to this end. We are unable to discern anything in the record which brings this case within the rule which is applied in Rosa v. State, 86 Texas Crim. Rep. 646, 218 S. W. Rep. 1056; nor in the other cases cited by appellant, namely: Vick v. State, 71 Texas Crim. Rep., 50, 159 S. W. Rep. 57; Black v. State, 79 Texas Crim. Rep. 628, 187 S. W. Rep. 333; Waters v. State, 91 Texas Crim. Rep., 592, 241 S. W. Rep. 499; Hunt v. State, 89 Texas Crim. Rep., 89, 230 S. W. Rep., 407. The correctness of the principles stated in the cases mentioned and their application to the facts which were then before the court, is not here made the subject of question. Suffice it to say that on the present record, the operation of the same principles is not, in our judgment, invoked.

The motion is denied.

*Overruled.*