### KELLER v. STATE. (No. 7425.)

(Court of Criminal Appeals of Texas. March 7, 1923. Rehearing Denied May 30, 1923. Second Rehearing Denied June 29, 1923.)

### On Motion for Rehearing.

1. **Criminal law ⬤≈1120(3) — Exclusion of questions not reviewable where expected answers are not in the record.**

   Bills of exceptions failing to show what witnesses would have answered to proposed questions are not reviewable.

2. **Criminal law ⬤≈1170½(1) —Question held not prejudicial.**

   In a prosecution for bigamy, a question asked on cross-examination of a witness for defendant referring to the woman with whom defendant contracted the second marriage as "this little crippled girl" *held* not prejudicial, as her crippled condition, for all that appeared in the record, might have been apparent to the jury.

3. **Criminal law ⬤≈351(3)—Evidence of flight held admissible.**

   Testimony tending to show flight of accused is admissible.

4. **Criminal law ⬤≈465—Nonexpert witness testifying to mental state must add details.**

   A nonexpert witness may give an opinion as to mental status only after detailing the incidents upon which such opinion is based.

5. **Criminal law ⬤≈412(3)—Witnesses ⬤≈389 —Impeachment where witness does not remember statement held proper; damaging statement admissible.**

   Where defendant states on cross-examination that he does not remember having made a damaging statement, the state may impeach him as to such testimony, or may introduce the statement as original evidence.

6. **Witnesses ⬤≈337(5)—Accused may be impeached by showing prosecution of crime involving moral turpitude.**

   For purposes of impeachment, the state may properly prove by appellant that he had been charged with a felony or misdemeanor involving moral turpitude.

### On Second Motion for Rehearing.

7. **Witnesses ⬤≈337(5)—Defendant testifying to relevant fact may be impeached.**

   Accused having testified for himself, though only to mitigate the punishment, and not to acquit, the state may nevertheless impeach him by evidence of a criminal record or other legitimate way.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

R. T. Keller was convicted of bigamy, and he appeals. Affirmed.

C. L. Black, of Austin, and Stanley Boykin, Carl Wade, and Sam S. Beene, all of Fort Worth, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Tarrant county of bigamy, and his punishment fixed at five years in the penitentiary.

Appellant has a number of bills of exception in the record, each of which presents the same unfortunate condition. The term of the court below ended on the 1st of July, 1922. On the 30th of June the court overruled appellant's motion for a new trial, and as a part of his order gave to appellant 60 days from said date in which to prepare and file bills of exception and statement of facts in said cause. On August 24th thereafter appellant sought an extension of said time, and the court made his order specifically granting 30 days from and after August 29, 1922, within which to file and prepare such bills of exception and statement of facts. There remained 2 days of August. The 30-day exten-

sion thus granted appellant expired on September 28, 1922. Each of appellant's bills of exception was filed on September 29, 1922. They were one day too late. We cannot consider them. Jarrott v. State, 84 Tex. Cr. R. 544, 209 S. W. 663; Benson v. State, 85 Tex. Cr. R. 126, 210 S. W. 538. Authorities are too numerous to mention forbidding us to consider bills of exception which are filed after the time fixed by statute, or by the order of the court below extending such time.

The statement of facts amply shows that appellant, while a married man, attempted a second time to enter the marriage relation in Tarrant county about the date alleged in the indictment. The minister who performed the ceremony and the persons who were present at the marriage testified, and the marriage license was introduced in evidence. The only attempted defense was based on insanity produced by the continued use of intoxicating liquor. The facts amply supported the verdict and judgment of guilty.  ·

Finding no error in the record, an affirmance is ordered.

### On Motion for Rehearing.

HAWKINS, J.  In our prior disposition of this case we declined to consider appellant's bills of exception because they appeared from the record to have been filed after the expiration of the second period of extension. In the transcript the filing of the bills appears to have been on September 29, 1922, which would have made them one day late. The certificate to the transcript shows to have been made on the 28th day of August. This was a mistake. It should have been September. The affidavit of the deputy clerk so shows. The affidavit further shows that the certificate is correct as to the day of the month, and that the transcript was completed and nothing added thereto after the certificate was affixed. It is clear that the bills of exception were inserted in the transcript prior to the date of the certificate, and must have been filed on or before September 28th, which would entitle them to consideration.

[1] Bills of exception Nos. 5 and 7 cannot be considered. They fail to show what the answers of the witnesses would have been to the question propounded. Branch's Ann. P. C. p. 136. Bill No. 12 purports to be a bystander's bill. It is authenticated only by appellant's attorneys. This is not permissible. Walker v. State, 88 Tex. Cr. R. 389, 227 S. W. 308; Hunt v. State, 89 Tex. Cr. R. 89, 229 S. W. 869.

[2, 3] While Mrs. Chisholm, appellant's witness, was being cross-examined she was asked what appellant said when "he came down there with this little crippled Calloway girl?" Bill No. 3. The question was objected to as being highly prejudicial. It is not made to appear from the bill in what manner it was prejudicial. The bigamous marriage is alleged to have been with Emma Ruth Calloway. If the complaint at the question was because it referred to her as the "little crippled Calloway girl" it is not so shown. She may have been crippled for aught we know from the bill, and this misfortune may have been apparent to the jury. See section 207, Branch's Ann. P. C. This same witness was asked concerning the movements of appellant after his second marriage, and stated, "He said he was going to Dallas." Exception was reserved when she was asked if he was not arrested in New Orleans and brought back. If the question was answered the bill does not show it. It is clear from the record that appellant did go to New Orleans, was there arrested and brought back for trial. It was permissible to prove flight as a circumstance against him. Branch's Ann. P. C. § 135.

[4] Mrs. Glore, a sister of appellant's first wife, was being examined by appellant relative to his state of mind when in an intoxicated condition. In bill of exception No. 6 it appears that she was basing her opinion with reference to his mental condition upon a circumstance of which she had no personal knowledge, and objection was made to the opinion based thereon because the transaction upon which it was based was as to the witness hearsay. The state's objection was sustained as to this particular matter, and a bill of exception reserved. We find from the statement of facts, however, that this witness did testify that at times when appellant was drinking she thought he was crazy, and stated her reasons for so thinking. A nonexpert witness may give opinion as to the mental status of a party after having detailed the incidents upon which such opinion is based. We find no violation of this rule in the action of the court. To permit a nonexpert to base an opinion on what they had only heard would be placing them in the expert class.

[5] There is no merit in bill of exception No. 8. After appellant had married Miss Calloway her father made some inquiry of him with reference to his first wife, who was living in San Antonio. While appellant was testifying he was asked if he had not told Mr. Calloway that his first wife "was just a woman he had picked up while he was in the army, and that he was never married to her," to which he replied that he "did not recollect that." Mr. Calloway was subsequently called by the state, and testified that appellant did have substantially such conversation with him. The testimony was admissible as original evidence against appellant, without the necessity of laying a predicate therefor; but, even had it been purely impeaching, the fact that he did not deny the statement directly, but only claimed not to remember having made it, would not deprive

the state of the right to call the impeaching witness to establish the matter. Branch's Ann. P. C. p. 107, § 174.

[6] While appellant was testifying in his his own behalf he was asked upon cross-examination if he was not arrested in New Orleans and charged with forgery or swindling for giving worthless checks, to which he replied in the negative, but admitted that after he was arrested he was overdrawn at the bank, but had eventually "straightened that out." He was then asked if he did not get the matter adjusted by officers from Texas going down there with requisition papers and bringing him back to Texas. Objection was sustained to the last question. He was asked if he had not been arrested and charged in the courts of San Antonio with the offense of forgery and swindling, to which appellant answered in the negative, and stated that he had never been arrested in San Antonio but one time, and that was for disturbing the peace. The objections interposed were that the questions related to extraneous, irrelevant, and prejudicial matters. We cannot agree that the bill presents any error. For the purpose of impeachment the state had a right to prove by appellant, if it could, that he had been charged in the courts of either Louisiana or Texas with a felony or a misdemeanor involving moral turpitude. We perceive no objection to the form of the questions, and there is nothing in the bill to indicate that the action of the prosecuting officer was unauthorized or without basis for the investigation.

Having considered all the bills of exception, and reached the conclusion that they present no matters calling for a reversal, the motion for rehearing will be overruled; and such is the order.

### On Second Motion for Rehearing.

MORROW, P. J. [7] Appellant having become a witness in his own behalf, and having testified to a relevant fact, we know of no rule that would have prevented the state from impeaching him by any legitimate means. It is true that the fact to which he testified would not have justified his acquittal. It was offered, however, to mitigate the punishment. It was therefore relevant, and it was competent for the state to discredit him by evidence of a previous prosecution for a felony unless the remoteness thereof was an impediment. The inquiries complained of were addressed to this end. We are unable to discern anything in the record which brings this case within the rule which is applied in Rosa v. State, 86 Tex. Cr. R. 646, 218 S W. 1056, nor in the other cases cited by appellant, namely, Vick v. State, 71 Tex. Cr. R. 50, 159 S. W. 57; Black v. State, 79 Tex. Cr. R. 628, 187 S. W. 333; Waters v. State, 91 Tex. Cr. R. 592, 241 S. W. 499;

Hunt v. State, 89 Tex. Cr. R. 211, 230 S. W. 407. The correctness of the principles stated in the cases mentioned and their application to the facts which were then before the court is not here made the subject of question. Suffice it to say that on the present record, the operation of the same principles is not, in our judgment, invoked.

The motion is denied.