## VICTORY v. STATE. (No. 7330.)

(Court of Criminal Appeals of Texas. April 25, 1923. Rehearing Withdrawn July 31, 1923.)

**1. Criminal law ⊖⟹1092(8)—Bills of exception, not filed within time allowed therefor, not considered.**

Under Code Cr. Proc. 1911, art. 845, bills of exception, not filed within the time allowed therefor, will not be considered.

**2. Criminal law ⊖⟹1090(8)—Bills of exception relating to evidence not considered, in absence of statement of facts.**

Bills of exception relating to evidence will not be considered, in the absence of a statement of facts.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Jim Victory was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

H. S. Lattimore, of Fort Worth, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for the manufacture of intoxicating liquor, with a penalty of one year in the penitentiary.

[1, 2] No statement of facts appears in the record, and motion is presented by the state to strike out the bills of exception, because filed too late. Sixty days after adjournment were allowed to file bills of exception. Adjournment was had on May 27. The 60 days expired on July 26. The bills were not filed until July 28. The state's motion must be sustained. Article 845, C. C. P.; Martin v. State, 82 Tex. Cr. R. 269, 198 S. W. 149; Jarrott v. State, 84 Tex. Cr. R., 544, 209 S. W. 663; Farris v. State, 85 Tex. Cr. R. 86, 209 S. W. 665; Darnell v. State, 90 Tex. Cr. R. 492, 236 S. W. 480; Gumm v. State, 92 Tex. Cr. R. 207, 241 S. W. 1023. For other authorities, see notes under article 845, C. C. P., Vernon's Civil and Criminal Statutes, 1922 Supplement. However, if the bills should be considered, they all relate to the question of evidence in some form, and their merit could not be appraised, in the absence of a statement of facts.

The judgment is affirmed.

## McAFEE v. EDWARDS. (No. 2162.)

(Court of Civil Appeals of Texas. Amarillo. June 20, 1923. Rehearing Denied Oct. 3, 1923.)

**I. Witnesses ⊖⟹255(1)—Though inadmissible as original evidence, account sales could be used to refresh witness' memory.**

Though an account sales was not admissible as original evidence, plaintiff could refer to it to refresh his memory as to article shipped, price, payments made, etc.

**2. Costs ⊖⟹238(2)—Though judgment bearing excessive interest rate is reformed, costs held to be taxed against appellant.**

Though a judgment made to bear 8 instead of 6 per cent. interest was reformed, the costs will be taxed against appellant, where the matter probably would have been corrected, if called to the attention of the trial court.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by F. N. Edwards against J. S. McAfee. Judgment for plaintiff, and defendant appeals. Judgment reformed and affirmed.

Mathis & Caldwell and Wm. R. Watkins, all of Wichita Falls, for appellant.

Nicholson & Felder, of Wichita Falls, for appellee.

BOYCE, J. [1] While the account sales was not admissible as original evidence, the plaintiff could refer to it, as he did, to refresh his memory as to the articles shipped, the price, the payments made, etc. H. & T. C. Ry. Co. v. Burke, 55 Tex. 323 (11), 342, 40 Am. Rep. 808; I. & G. N. Ry. Co. v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 213, citing the Burke Case. The evidence thus sustains the judgment, notwithstanding the erroneous method of proceeding in the admission of the evidence. It is a fair inference from plaintiff's testimony that the shipments were made on agreed price.

[2] The judgment should have been made to bear interest at the rate of 6 per cent. The error in making it bear 8 per cent. was probably the result of inadvertence, and would probably have been corrected, if the matter had been called to the trial court's attention. We will reform the judgment in this respect, but will nevertheless tax the costs of the appeal against the appellant.

Reformed and affirmed.

⊖⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes