OSCAR MARSHALL v. THE STATE.

No. 8367. Decided May 21, 1924.

1.—Mnslaughter—Bills of Exception—Filing—Sufficiency of the Evidence.

Where the bills of exception are not filed ninety days after adjournment of the court, and in the absence of an extension of time, they were filed too late, and they cannot be considered. Following: Dunn v. State,

92 Texas Crim. Rep., 207, and the evidence being sufficient, the judgment is affirmed.

**2.—Same—Judgment—Practice on Appeal—Sentence Reformed.**

Where the judgment followed the verdict condemning appellant to the penitentiary for a term of two years, but the sentence copied in the record authorized appellant's incarceration to not less than two nor more than five years, the judgment will be reformed to a term of two years.

Appeal from the District Court of Tyler.  Tried below before the Honorable J. M. Combs.

Appeal from a conviction of manslaughter;  penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for manslaughter, punishment being two years confinement in the penitentiary.

There are only two bills of exception in the record, neither of which may be considered on account of being filed too late.  Court adjourned on September 8th.  No order was made extending the time for filing bills of exception and statement of facts.  Under the terms of Article 845 C. C. P. appellant had thirty days only after adjournment in which to file his bills of exception.  They were not filed until December 6, ninety days after court adjourned.  In the absence of an extension by the trial court the bills were filed too late.  Many authorities will be found collated in the notes under Article 845, (supra) in 2d Vol. Vernon's Cr. St.; Gunn v. State, 92 Texas Crim. Rep., 207.

Appellant and deceased (Tom Reed) were tenants upon the same farm.  The State's evidence presents a killing which might be classed as an assassination.  It indicated that appellant waited in the woods and undergrowth by the side of the path which deceased traveled on his way home and shot him from this place of concealment.  By his own testimony appellant raised the issue of self-defense and manslaughter.  He tells a somewhat remarkable story about the encounter which resulted in the death of Reed.  According to his version his wife was present and witnessed the entire transaction and had knowledge of the defensive and mitigating facts, but notwithstanding she was in the courtroom at the time of the trial she was not called as a witness by appellant to substantiate his story.  It appears strange that the jury accepted his version to the extent reflected by the verdict.  It occurs to us the evidence would have justified a much more severe penalty.

The judgment follows the verdict condemning appellant to the penitentiary for a term of two years, but we observe that the sentence as we find it copied in the record authorizes appellant's incarceration for not less than two, nor more than five years. This was evidently an oversight on the part of the court, and the sentence will be corrected to conform to the verdict and judgment directing the confinement of appellant in the penitentiary for a term of two years.

Finding no error in the record, the judgment as reformed is affirmed.

*Affirmed.*