## MAT COLLIER v. THE STATE.

No. 11577. Delivered May 23, 1928.
Rehearing denied June 20, 1928.
Rehearing denied October 10, 1928.

510

The opinion states the case.

*Woolworth & Baker* of Carthage for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The facts appearing in the transcript sufficiently support the verdict and judgment. The indictment appears to be sufficient, and is followed by the charge of the court· and the judgment and sentence.

There are two bills of exception in the record, but unfortunately both were filed one day too late for our consideration. Appellant's motion for new trial was overruled on October 14, 1927, and in the order overruling same he was given seventy-five days in which to prepare and file bills of exception. This time expired on the 28th of December, 1927. Said bills of exception were filed on the 29th. This was too late. Benson v. State, 85 Texas Crim. Rep. 126, 210 S. W. Rep. 538. This case has been often cited with approval.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE JUDGE.—We were in error in declining to consider appellant's two bills of exception. We overlooked an order made by the trial court extending the time for filing such bills.

The first bill sets out all the exceptions taken to the charge of the court. This bill is qualified by the statement of the trial judge that upon the presentation of such exceptions, he amended and corrected his charge to conform thereto. An inspection of the charge makes it apparent that this statement is true.

The second bill of exceptions makes a blanket objection to lengthy quoted testimony of appellant on cross-examination. The testimony for the State showed, apparently beyond question, that appellant was present at a still in operation and that he was engaged, with others, in refilling the boiler from barrels of mash, which barrels were situated some twenty feet distant from the boiler. When the officers appeared appellant fled. On this trial he took the witness

stand and denied any connection with the still, the manufacture, or the possession of the equipment, product, etc., and said he was an innocent bystander. Under all of our authorities such claim of innocent connection with an illegal transaction, when made by the accused, may be rebutted by proof of his guilty connection with other similar transactions. Hennessy v. State, 23 Texas Crim. App. 340; Graham v. State, 78 Texas Crim. Rep. 602; Edwards v. State, 98 Texas Crim. Rep. 47; Copeland v. State, 99 Texas Crim. Rep. 452; Webb v. State, 100 Texas Crim. Rep. 193. Part of the statement complained of in this bill related to a question propounded to appellant on cross-examination by the State's attorney, relative to whether he had any connection with a still found by the officers near his house sometime prior to the occasion here involved. Appellant denied that any still was found near his house, but stated that one was found about half a mile from his house. He denied having any knowledge of or connection with that still or its operation. There is no such showing as to lead us to think the State in error in asking about his connection with this still, in view of his claim of being an innocent bystander in the transaction on trial. Nor, in view of his denial of having any knowledge of or connection with the still inquired about at said prior time, would we think the matter capable of any injurious effect. We might further observe that we find in said bill of exceptions, and embraced under the same complaint as to the remainder of the testimony, an entire paragraph of appellant's testimony relating to the transaction connected with the present still, and, under our rule where part of the testimony is clearly admissible, one can not be heard upon a bill of exceptions presenting this with other testimony which might be deemed inadmissible, we would not be inclined under such circumstances to agree with appellant's contention. We deem the facts amply sufficient to support the judgment, and being unable to agree with the contentions made, the motion for rehearing will be overruled.

*Overruled.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the original opinion an order extending time for filing bills of exception was overlooked. Upon this being called to our attention the bills were considered and an affirmance ordered. Appellant now files a motion questioning our opinion on the merits. Our opinion is criticised wherein we said that a part of bill number two set out testimony relating to the transaction upon which the prosecution was pending. A more critical examination

of the bill leads us to think we were in error and that the whole bill relates to evidence as to a former transaction. Even if it should be conceded that the inquiry as to such former transaction was erroneous—which is strongly argued by appellant, and in the opinion of the present writer, is open to some question—yet we find that the learned trial judge instructed the jury in writing upon the point as follows:

"The testimony as shown by the record of the tearing up of a still and mash and equipment somewhere near the premises of the defendant prior to the time of this raid is withdrawn from your consideration."

In explanation of the bill the court says the evidence complained of was admitted under the opinion in Lenz v. State, 106 Tex. Cr. R. 167, 290 S. W. 167; but that after having admitted it the court became doubtful about it and withdrew it from the jury's consideration. Having regard to the case as a whole we incline to the view that such action by the court cured any error—if such occurred—in admitting the evidence in the first place.

Appellant's motion for rehearing is overruled.

*Overruled.*