Henry Presley, alias Tom Presley, v. The State.

No 590.        Decided May 25, 1910.

Rehearing Granted October 19, 1910.

**1.—Theft of Horse—Statement of Facts—Extension—Filing—Practice on Appeal.**

Where the court adjourned and entered an order allowing thirty days in which to file statement of facts and bills of exception, and afterwards, after the expiration of thirty days, filed an order extending the time for the filing of statement of facts, etc., and after which the same was filed, the same can not be considered on appeal; but it being shown on motion for rehearing that there was no want of diligence on the part of appellant's counsel in securing the statement of facts within the time of the original order, the same will be considered.

**2.—Same—Charge of Court—Explanation of Possession—Words and Phrases.**

Where, upon trial of theft of a horse, the court submitted a charge on the issue of explanation of the possession of the alleged stolen property by the defendant, which was identical with the charge in the case of Wheeler v. State, 34 Texas Crim. Rep., 350, there was no reversible error, although the court used the expression "and contradictory" after the word "reasonable;" however, this additional expression should have been omitted. See opinion as to individual views of Davidson, Presiding Judge.

**3.—Same—Indictment—Motion to Quash—Time Alleged.**

Where, upon trial of theft of a house, the indictment alleged the time as "on or before the 21st day of July," this expression was not too indefinite viewed from the standpoint of limitation; however, such pleading is not commended.

**4.—Same—Continuance—Purchase.**

Where, upon trial of theft of a horse, the defendant claimed to have purchased the same, the court should have granted a continuance to secure the attendance of an absent witness whom he alleged was present when the purchase was made by defendant, the application being sufficient in other respects.

Appeal from the District Court of Austin. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Carothers & Brown,* for appellant.—On question of reinstatement of statement of facts: Article 1382, Rev. Civ. Stats.; Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 950; Dobbs v. State, 54 Texas Crim. Rep., 579, 113 S. W. Rep., 921; Howard v. State, 53 Texas Crim. Rep., 378, 111 S. W. Rep., 1038; Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583; Wright v. State, 44 S. W. Rep., 151.

On question of explanation of possession of alleged stolen property: Johnson v. State, 36 Texas Crim. Rep., 394, 37 S. W. Rep., 424.

On the question of continuance and materiality of testimony: Hyden v. State, 31 Texas Crim. Rep., 401, 20 S. W. Rep., 764; Ferguson v. State, 31 Texas Crim. Rep., 93, 19 S. W. Rep., 901; Walker v. State, 32 Texas Crim. Rep., 175, 22 S. W. Rep., 685; Clark v. State, 38 Texas Crim. Rep., 30, 40 S. W. Rep., 992; Miller v. State, 18 Texas Crim. App., 232.

On the question of insufficiency of indictment and insufficient allegation of time when offense was committed: Coleman v. State, 62 S. W. Rep., 753; Harwell v. State, 65 S. W. Rep., 520; Vallegas v. State, 66 S. W. Rep., 769; Barnes v State, 59 S. W. Rep., 882; Reed v. State, 13 S. W. Rep., 865; State v. Eubanks, 41 Texas, 291.

Where State does not controvert defendant's explanation jury should acquit: Coleman v. State, 22 S. W. Rep., 41.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, his punishment being assessed at two years confinement in the penitentiary.

The Assistant Attorney-General moves to strike from the record the statement of facts because the same was not filed within the time and under the terms prescribed by law. Court adjourned on the 22d day of January, after entering an order allowing thirty days in which to file statement of facts. On the 2d day of March the following order was filed: "It is ordered in the above styled and numbered cause that twenty-five additional days be granted to the parties for making out their statement of facts and bills of exception and said time is extended to the twenty-eighth day of February, 1910." This order is signed by the judge. The statement of facts was filed on the 2d of March. The thirty day order expired on the night of the 21st of February. The order was not filed until the 2d of March. The statement of facts was filed on the 2d of March. To make the order extending the time legal and available it should have been entered before the expiration of the thirty days allowed by the court. In other words, the latest day upon which this order could have been made extending the time was the 21st of February. As the matter is presented, we are of opinion the motion is well taken, and the statement of facts will not be considered. In the absence of statement of facts the alleged error in overruling application for continuance can not be revised.

The charge of the court with reference to explanation of the possession of the alleged stolen property by the defendant is criticised. The objection to the charge is that the court informed the jury that if defendant's statement when first questioned was unreasonable and contradictory and did not account for his possession in a manner

consistent with his innocence, they would find him guilty, appellant contending there was no evidence that his explanation when his possession was first challenged was unreasonable or contradictory, and because there was no evidence that said explanation did not account for his possession in a manner consistent with his innocence. The charge is identical with that in the case of Wheeler v. State, 34 Texas Crim. Rep., 350, except that after the word "unreasonable" the expression occurs "and contradictory." The reason assigned for the criticism of the charge is that there is no evidence that his statement was unreasonable or contradictory, and there is no evidence that his explanation failed to account for his possession consistent with his innocence. These criticisms or exceptions to the charge can not be considered in the absence of statement of facts. The evidence may have shown that his explanation was both unreasonable and contradictory. It being a question of fact, the court can not review these exceptions without the evidence. The point is not made that it was. on the weight of testimony, and we are only required to treat the objections urged.

Motion to quash the indictment was presented and overruled. The particular portion criticised is in alleging the time. The indictment avers that it was "on or before the 21st day of July." It is contended that by the use of the expression "or before" that it does not preclude the question of limitation; that it may have been far back in the past, beyond the question of limitation. We are of opinion that this is not sufficient reason to quash the indictment. Such loose pleading, however, as this should not be indulged. It is well enough in setting out the date to be specific, but under the decisions in this State we are of opinion that this expression is not too indefinite, viewed from the standpoint of limitation. The date of the offense must be alleged so that it does not show on the face of the pleading to be barred by limitation. This seems to be the criterion of our decisions with reference to this matter. Quite a number of decisions are to the effect "on or about" a certain date is sufficient allegation of time. "On or before" may be perhaps a little broader as to time than the expression "on or about," but under all the decisions the setting out of the date in the indictment as to the commission of the offense is to show that at the time of the presentment of the indictment the offense was not barred by limitation. Of course, under the allegation in this indictment the evidence for the State would have to show the offense was within the period of limitation, counting back from the time the indictment was presented in the court by the grand jury. Viewing it from these standpoints, we are of opinion that the indictment is not so deficient as to require this court to hold good a motion to quash.

As the record is before us we are of opinion that the judgment ought to be affirmed, and it is accordingly so ordered.

*Affirmed.*

OPINION ON REHEARING.

October 19, 1910.

DAVIDSON, PRESIDING JUDGE.—During the last term of the court the judgment herein was affirmed without consideration of the facts. The opinion will show as the record did that the statement of facts was filed without legal authority. Without going into the statement of the district judge and attorneys interested in the case filed with motion for rehearing, we think the showing is sufficient to indicate that a proper order was entered and there was no want of diligence on the part of appellant's counsel in securing the statement of facts. The case will now be considered upon its merits in connection with the statement of facts.

We have reviewed the questions passed upon in former opinion, and still hold the indictment is sufficient.

In regard to the criticism of the charge wherein the court instructed the jury that if the account given by appellant was "unreasonable and contradictory," etc., we would suggest upon another trial that the expression "and contradictory" be omitted. The jury may regard it as an assumption on the part of the court that the statements of the accused are contradictory and therefore criminating. There may be cases where in fact these statements are contradictory, but it is never a safe practice for the court to assume the weight of any fact or given state of facts under such circumstances and so charge the jury, and it is always safer to follow the precedents in cases of that character. We undertook in Wheeler v. State, cited in the original opinion, to lay down a form of charge if the trial court saw proper to give that character of charge. The writer then believed and yet believes that the better practice and the safer plan to avoid any seeming charge on the weight of evidence, is to instruct the jury that if they should believe the statements of the accused and they are exculpatory, he should be acquitted. For instance, if the accused should state that he traded for the alleged stolen property or bought it from anyone, instruct the jury that if they should so find they should acquit, or if they have a reasonable doubt they should give him the benefit of that doubt and acquit. This would avoid all seeming assumption of fact or charges on the weight of the introduced evidence. The majority, however, think the charge in the Wheeler case and the rule therein stated should be observed and followed.

The application for continuance was not considered in the former opinion because the facts were not before us. With the evidence before us we are of opinion that the application for continuance should have been granted. There is some conflict in the evidence as to what defendant said at the time he was found in possession of the property. It is further disclosed for the State that he was in possession of this property about the middle of July. The facts further show the owner

of the horse placed him in a pasture, and did not see him afterwards until he was recovered from appellant, which was about the middle of the month of July. The horse was put in the pasture in May. The evidence shows that the horse got out of the pasture and was seen out of the pasture. This evidence comes from the State witness. Mr. Lammes, who resides near Eagle Lake, in the county of Colorado, testifies that the horse was in his pasture somewhere about the latter part of May and remained in that pasture until along about the middle of July when appellant rode him away. That stray horses sometimes got in his pasture and remained there until they were taken away or turned out or got out. He testifies to the character and reputation of the defendant as being an honest man. Appellant is a negro. The owner, the prosecuting witness, and the other witnesses for the State, in Austin County, are white people; some of them are officers. Mr. Lammes testified, as did some of the other witnesses, that appellant was in the employe of Mr. Lammes as wood-chopper and hauler, and Mr. Lammes testifies appellant was at his house during the whole time the horse was in this pasture and was not away from there. In fact, his testimony excludes the idea that appellant could have gone to Austin County, stole this horse and brought him away. Appellant introduced evidence, and himself testified, also to the fact that he bought the horse from one John Hayden and paid for it. That he did not have quite enough money of his own to pay for the horse, but borrowed ten dollars from one of the parties who was with him at the time, and used some of the money of Mr. Lammes that he had collected for sale of wood in making the purchase. That the party he bought from was in possession of the horse at the time he made the purchase, and this in Colorado County, near Eagle Lake. His sister also testifies to the same facts. The absent witness seems to be in no way related to appellant, and would testify, under the allegations in the motion for continuance, that he was present and personally knew of this purchase by appellant from Hayden. There is some testimony that appellant made a statement to some of the officers that he had bought the horse at Bay City from John somebody, whose other name they had forgotten. There is some conflict on this. Appellant's defensive testimony was that he bought the horse from John Hayden. This is the first application, and there is no question of diligence, and none as to the materiality of this testimony. Appellant was indicted on the 5th of the month, copy of indictment served on him on 6th, process was issued for the witnesses on same day, and returned on 10th, the day set for trial. It was overruled and conviction followed. We are of opinion under the circumstances of the case that the showing was sufficient, diligence ample, and the testimony material. Under all the facts and circumstances we are of opinion that appellant ought to have had the continuance to secure the testimony of this absent witness.

The motion for rehearing is granted, the affirmance set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*