

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00205-CR

_____

STEPHEN JOSEPH BOSWELL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1817293

---

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In three issues, Appellant challenges his convictions by a jury for the offenses of aggravated assault, assault/family violence, and continuous family violence. *See* Tex. Penal Code Ann. §§ 22.01(b)(2)(B) (assault/family violence), 22.02(a)(2) (aggravated assault), 25.11(a), (e) (continuous family violence). The jury assessed the following punishments: (1) five years' confinement for aggravated assault; (2) two years' confinement for assault/family violence; and (3) five years' confinement for continuous family violence.[1]

Appellant's first issue turns on his contention that the evidence is insufficient to support his conviction for aggravated assault because the indictment alleged that "on or about" one date he had "use[d] or exhibit[ed] a deadly weapon" and the record shows that he committed the offense on another date. Because this contention is directly at odds with precedent, we reject it.

Appellant's second and third issues challenge his conviction for continuous family violence. We do not reach these issues because the State concedes that Appellant would suffer multiple punishments in violation of the principles of double jeopardy should he be punished for both aggravated assault and continuous family violence. Therefore, we reverse the judgment of conviction for continuous family

---

[1]Based on the jury's verdict, the trial court rendered a judgment of acquittal on count three—another charge of assault/family violence.

violence and render a judgment of acquittal for that offense, but we affirm the convictions for aggravated assault and assault/family violence.

## II. Analysis

### A. A sufficiency complaint may not be based on a discrepancy between an indictment's "on or about" date and the occurrence date proven at trial.

There is no controversy about the fraught and abusive relationship that Appellant had with the complainant; both parties' briefs portray the tempest. Because of the narrow focus of Appellant's first issue, we will not catalog the abuse that the complainant suffered at his hands. The narrow focus of the first issue turns on the indictment's allegation that Appellant committed an aggravated assault by use or exhibition of a deadly weapon "on or about the 30th day of August 2023." Because the record shows that he threatened the complainant with a handgun some months before that date, Appellant argues that this discrepancy means that the evidence is insufficient to support his conviction for aggravated assault. We disagree. As Appellant himself acknowledges, his argument is directly at odds with a wealth of precedent, which holds that an indictment's allegation that an offense occurred "on or about" a certain date does not make the date alleged an element of the offense that cannot be varied by the proof at trial.[2]

---

[2]Again, because of the narrow focus of Appellant's issue, we will not detail the principles of a sufficiency review in a criminal appeal. *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (establishing principles of a sufficiency review in a criminal appeal).

3

The Court of Criminal Appeals has itemized the reasons why an indictment's allegation that an act occurred "on or about" a certain date is not an element of an offense or a date that a defendant may rely on as the date that the State will eventually prove that the act occurred:

> First, time is not a material element of an offense (at least, not usually). *O'Connell v. State*, 18 Tex. 343, 366 (1857). Second, the primary purpose of specifying a date in the indictment is not to notify the accused of the date of the offense but rather to show that the prosecution is not barred by the statute of limitations. *Presley v. State*, . . . 131 S.W. 332, 333 (Tex. Crim. App. 1910). Third, it may be impossible for the State to know precisely, or even approximately, when the charged offense occurred. *See Sledge v. State*, 953 S.W.2d [253, 256 n.8 (Tex. Crim. App. 1997)]. Thus, we reaffirm our prior holdings that it is not error, constitutional or otherwise, for an indictment to allege an "on or about" date for the charged offense. *See, e.g., Presley* . . . , 131 S.W. at 333 . . . . Such an indictment will, except in rare instances, provide an accused with notice adequate to enable him to prepare a proper defense. In the unlikely event that the defendant is unfairly surprised at trial by evidence fixing the date of the offense very differently from that specified in the indictment, then "he should for that reason ask for a postponement that he might obtain evidence to meet the charge as made by the testimony." *Lingenfelter v. State*, . . . 163 S.W. 981, 983 (Tex. Crim. App. 1914) [(op. on reh'g)]. [*Accord*] A. Scott, *Fairness in Accusation of Crime*, 41 Minn. L.[ ] Rev. 509, 532 (1957).

*Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998) (footnote omitted).

To further amplify, the Court of Criminal Appeals noted that an evidentiary-sufficiency analysis turns on whether there is an immaterial or a material variance between a charging instrument's allegations and the proof: "Immaterial variances do not affect the validity of a criminal conviction [because] we have held that a hypothetically correct jury charge [by which the efficiency of the evidence is tested]

4

need not incorporate allegations that would give rise to only immaterial variances."

*Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014).  A discrepancy between an indictment's allegation that an act occurred "on or about" a date and proof that it occurred on a different date is an additional step removed from the material/immaterial distinction.  *Id.*  So long as the date alleged places the offenses within the limitations period before the indictment's presentment, the discrepancy is not a ground for a sufficiency challenge at all because the discrepancy is not a variance of any type:

> Article 21.02 of the Texas Code of Criminal Procedure sets out the requisites for an indictment.  Tex. Code Crim. Proc. [Ann.] art. 21.02. The sixth requirement states that the alleged time that the offense was committed must be "anterior to the presentment of the indictment[] and not so remote that the prosecution of the offense is barred by limitation."  *Id.*  In *Sledge*, this Court addressed the "on or about" language used in many charging instruments and concluded that, so long as the date on which the offense is proven to have occurred complies with Article 21.02, a conviction is not rendered infirm merely because the State proved that the offense occurred on another day.  *See . . .* 953 S.W.2d at 255–56; *see also Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).  This is because such a discrepancy is not a fatal variance.  *See Thomas*, 753 S.W.2d at 693.  It is not a variance at all. Rather, when the State uses "on or about" language and proves that the offense was committed on a date different from that alleged in the indictment, but before presentment of the indictment and expiration of the applicable statute of limitations, the offense took place "on or about" the date alleged in the indictment.

*Id.*; *see also Hart v. State*, 721 S.W.3d 667, 676 (Tex. App.—Corpus Christi–Edinburg 2025, pet. ref'd) ("This evidence is also akin to *Thomas . . .* where the Texas Court of Criminal Appeals held that 'on or about' language is often used and 'a conviction is

5

not rendered infirm merely because the State proved that the offense occurred on another day.' 444 S.W.3d [at] 9 . . . ."). The principles quoted are a blanket rejection of Appellant's contention that he has a viable sufficiency complaint based on the alleged discrepancy between the indictment's allegation and the proof at trial.

Appellant wants to take himself out of the general rule because the situation in which he allegedly finds himself is one that should create an exception; he argues as follows:

> First, the purpose of the "on or about date" is not to specify a date-of-offense or give notice to a defendant of the offense date[] but rather to show that the prosecution is not barred by the statute of limitations. *Garcia* . . . , 981 S.W.2d [at] 686 . . . . Second, it may be impossible to prove an exact date when the charged offense occurred. *Id.* These concerns are not germane to Appellant's situation. There is no dispute about the statute of limitations, and the very nature of [the complainant's] testimony removes any confusion about the incidents concerned. In other words, this is not a situation of several vague accusations [that] could have all occurred during the limitations period. These are two discreet and separate events—one with a gun and one without.

As the quoted authority set forth above demonstrates, the Court of Criminal Appeals has not limited the sweep of its holdings to create an exception of the type that Appellant claims. Appellant cites no case holding that the categorical rule established by that authority applies only when there are "vague accusations" that create uncertainty about when an act occurred, and the absence of precedent to support Appellant's argument is telling. At the end of the day, Appellant's contention fails that the evidence is insufficient because of a discrepancy between the

indictment's allegation that he exhibited a deadly weapon "on or about" a certain date while the evidence showed that the alleged act occurred on a different date—that discrepancy is not a variance upon which a sufficiency complaint may be predicated.

We overrule Appellant's first issue.

**B.    We vacate the judgment of conviction for continuous family violence without reaching the merits of Appellant's second and third issues.**

In his second and third issues, Appellant challenges his conviction for continuous family violence because (1) the State failed to disprove the complainant "consented" to the abuse by Appellant, and (2) the trial court should have granted his motion to quash the indictment's count on the continuous-family-violence charge because it failed to allege an element of the offense, specifically, the violence occurred "during a period that is [twelve] months or less in duration."  We will not reach either issue.  The State concedes that punishing Appellant for continuous family violence creates a double-jeopardy violation when he is also punished for an aggravated assault that is one of the discrete acts upon which the continuous-family-violence charge is based.  We agree and will vacate the conviction for continuous family violence.

"The Double Jeopardy Clause, contained within the Fifth Amendment and applying to the states through the Fourteenth Amendment, protects an accused against multiple punishments for the same offense."  *Shaw v. State*, No. 02-25-00139-CR, 2026 WL 628150, at *12 (Tex. App.—Fort Worth Mar. 5, 2026, pet. filed) (mem. op., not designated for publication) (first citing U.S. Const. amends. V, XIV; then

7

citing *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); then citing *Ex parte Adams*, 586 S.W.3d 1, 4 (Tex. Crim. App. 2019); then citing *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015); and then citing *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008)); *Birdo v. State*, No. 02-22-00142-CR, 2023 WL 4630627, at *5 (Tex. App.—Fort Worth July 20, 2023, pet. ref'd) (mem. op., not designated for publication).

The State notes our precedent that a defendant may not be punished for continuous family violence under Penal Code Section 25.11 and a bodily-injury assault when the assault offense is one of the underlying instances of violent conduct upon which a continuous-family-violence offense is predicated. *See Shaw*, 2026 WL 628150, at *12; *Birdo*, 2023 WL 4630627, at *5; *Rachal v. State*, Nos. 02-18-00500-CR, 02-18-00501-CR, 2019 WL 5996985, at *6–7 (Tex. App.—Fort Worth Nov. 14, 2019, pet. ref'd) (mem. op., not designated for publication). We recently faced a similar situation to the one before us now in which an appellant did not raise the double-jeopardy issue, but the State noted the double-jeopardy violation. *See Shaw*, 2026 WL 628150, at *12. There, we vacated a conviction to remedy the double-jeopardy violation, and we will do so here as well.

We usually take the following approach to remedy a double-jeopardy violation that results in multiple punishments:

> The remedy is to retain the most serious offense and to vacate the other. *Littrell*, 271 S.W.3d at 279 n.34. In most cases, the "most serious offense" is the offense of conviction for which the "greatest sentence

was assessed." *Bien v. State*, 550 S.W.3d 180, 188 (Tex. Crim. App. 2018); *Birdo*, 2023 WL 4630627, at *6.

*Shaw*, 2026 WL 628150, at *12. We may also use the following "tiebreakers" to decide which conviction to vacate: the "degree of felony, first-indicted, and offense named first in the judgment." *Bien*, 550 S.W.3d at 188 (citations omitted).

Here, a five-year sentence was imposed for the aggravated-assault count and for the continuous-family-violence count. The aggravated-assault offense, however, is a second-degree felony while the continuous-family-violence offense is a third-degree felony. *See* Tex. Penal Code Ann. §§ 22.02(b), 25.11(e). Thus, the aggravated-assault count is the greater degree of offense. *See id.* §§ 12.33, 12.34. We will use the tiebreaker of the greater degree of felony to retain Appellant's conviction for aggravated assault and reverse the trial court's judgment of conviction for the offense of continuous family violence.[3]

## III. Conclusion

Having overruled Appellant's first issue challenging his conviction for aggravated assault but having agreed with the State's confession of error directed at his conviction for continuous family violence, we reverse the trial court's judgment of conviction for the continuous-family-violence offense and render a judgment of

---

[3]Count one charged the offense of aggravated assault with a deadly weapon, and count two charged assault of a family or household member by impeding breath or circulation. No double-jeopardy violation exists for punishing Appellant for these separate offenses, and on appeal Appellant does not challenge his conviction on count two.

9

acquittal on Appellant's conviction for continuous family violence (count four). We affirm the trial court's judgments of conviction for aggravated assault (count one) and assault/family violence (count two).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 30, 2026